THE STATE, EX REL. HEALD, *v.* ZANGERLE ET AL.,
BUDGET COMMISSIONERS.

*Taxation—Sinking fund and interest levies—Duty of trustees and
council—Section 4513, General Code—Budget commissioners to
certify rate to auditor—Section 5649-1, General Code.*

1. Under the provisions of Section 4513, General Code, it is the
duty of the trustees of the sinking fund to certify to council
the rate of tax necessary to provide for sinking fund and
interest purposes, and the amount so certified must be placed
in the taxing ordinance by the council, before and in prefer-
ence to any other item and for the full amount thereof.
2. The provision of Section 5649-1, General Code, that the taxing
authorities in each taxing district of the state shall levy a tax
sufficient to provide for sinking fund and interest purposes,
requires the county budget commissioners to certify to the
county auditor a tax sufficient for such purposes, regardless of
other needs of the taxing district. (*Rabe et al.* v. *Board of
Education,* 88 Ohio St., 403, approved and followed.)

(No. 15360—Decided August 4, 1916.)

IN MANDAMUS.

On the 25th day of July, 1916, the relator, John
C. Heald, filed in this court a petition praying that
a writ of mandamus issue to John A. Zangerle, P. C.
O'Brien and Cyrus Locher, constituting the budget
commissioners of Cuyahoga county, command-
ing them to certify to the auditor of Cuyahoga
county the sum of $3,510,626.46, in preference to all
other items of tax, as the amount required for sink-
ing fund and interest purposes for the ensuing year
for all bonds issued and outstanding by the city of
Cleveland.

It is averred in the petition that the relator is a resident taxpayer of the city of Cleveland; that on the 29th day of June, 1916, he requested, in writing, the prosecuting attorney of Cuyahoga county to bring proceedings in mandamus, but that the prosecuting attorney of said county refused to bring the same; that this sum of $3,510,626.46 is required to provide for sinking fund and interest purposes, to pay the interest on the outstanding bonds of said city, and to retire the same at maturity; and that the taxing officials of the city of Cleveland have certified to the county auditor of said county the annual budget of the city of Cleveland for the ensuing year, which budget names this amount for the purposes stated, but that the defendants have threatened to, and will, unless restrained, certify to the county auditor as the amount required for sinking fund and interest purposes a sum less than $2,500,000.

The defendants by answer admit the allegations of the petition above set forth, and, further answering, aver that the total taxable property in the taxing district of Cleveland is approximately $920,000,000 and that the amount to be derived from the duplicate for use by the city for the year 1917, at the maximum rate of taxation allowed by law, will approximate $5,988,700; that the current expenses for the operation and maintenance of the city of Cleveland for 1915 were $5,967,701.53; that by the practice of strict economy the operating cost of the city of Cleveland for the first six months of 1916 was $2,600,935.91; that the operating cost for the entire year of 1916 will be twice that sum; and that

the city will need for current expenses for the year 1917 the sum of $4,976,731.

The answer also contains a copy of the resolution adopted by the sinking fund commission of the city of Cleveland in May, 1916, in which resolution it is declared that the amounts necessary to provide a sinking fund for the future payment of bonds issued by the corporation, for the payment of final judgments, except in condemnation of property cases, and for the payment of interest on all bonded indebtedness and the expenses incident to the management of the sinking fund, will aggregate $3,510,626.46.

To this answer the relator filed a general demurrer.

*Messrs. David & Heald,* for relator.

*Mr. Cyrus Locher,* prosecuting attorney, and *Mr. Frederick W. Green,* assistant prosecuting attorney, for defendants.

DONAHUE, J. Section 5649-1, General Code, specifically requires the taxing authorities of every taxing district to levy a tax sufficient to provide for sinking fund and interest purposes. This tax must be levied regardless of other needs. *Rabe et al.* v. *Board of Education,* 88 Ohio St., 403.

Under the provisions of Section 4513, General Code, it is the duty of the trustees of the sinking fund to certify to council the rate of tax necessary

for sinking fund and interest purposes, and the municipal council is commanded by this section to place the amounts so certified in the tax ordinance before and in preference to any other item and for the full amount certified.

The provisions of Section 5649-1, General Code, necessarily apply to the budget commissioners of the county.

Section 4513, General Code, vests in the trustees of the sinking fund the authority to determine and certify the amount necessary for the purposes mentioned. It is not seriously contended that the amount certified is excessive. The only reason offered by the defendants for not certifying the full amount to the county auditor is that if this is done a sufficient sum cannot be provided, within the limitations fixed by law, to meet the current expenses of city government. That is unfortunate, but it does not authorize the budget commissioners to ignore the law.

It is suggested that the requirements of Sections 5649-1 and 4513, General Code, can have no application to bonds issued before these sections were enacted, and that the application of their provisions to such bonds would be to give these statutes an *ex post facto* operation. It appears, however, that the statutes of this state contained similar provisions when all the existing bonds of the city of Cleveland were issued.

The demurrer to the answer is sustained, and, the defendants not desiring to plead further, it is or-

dered that a writ of mandamus issue as prayed for in the petition.

*Peremptory writ awarded.*

JOHNSON, NEWMAN and MATTHIAS, JJ., concur.
NICHOLS, C. J., WANAMAKER and JONES, JJ., not participating.