Day, J.
 

 The original action of the taxpayers,
 

 Clark and Freeman against Wright
 
 (Wright
 
 v.
 
 Clark et al.,
 
 119 Ohio St., 462, 164 N. E., 512), begun after the failure of the village authorities to act, was founded on Section 3808, General Code, providing in substance that no officer of a municipal corporation shall have an interest in the expenditure of money on the part of the corporation, other than his fixed compensation; and that he shall be liable to the corporation for all sums of money received contrary to such provision.
 

 The taxpayers had no statutory authority to bring their action, although Section 4311, General Code, authorizes an injunction to prevent the misapplication of funds by a municipal corporation; Section 4312, General Code, applies to specific performance of municipal contracts that are being avoided; and
 
 *417
 
 Section 4313, General Code, to applications for writs of mandamus to compel the performance of official duties. The taxpayers’ action not coming within the scope of such sections, this action was brought on behalf of all the taxpayers and inhabitants of the village of Bedford to recover back the money wrongfully expended; the case of
 
 Walker
 
 v.
 
 Village of Dillonvale,
 
 82 Ohio St., 137, 92 N. E., 220, 19 Ann. Cas., 773, being a precedent for such action. While
 
 Clark
 
 v.
 
 Wright
 
 was an action for money only, and a jury was impaneled, upon motions of both parties for a directed verdict the jury was excused, and the court rendered the judgment for the taxpayers in the premises. The crucial question, however, was whether Wright was an “officer” within the meaning of the statute.
 

 The action had certain characteristics of an equitable nature, being one brought for the use and benefit of those standing in the position of a
 
 cestui que trust,
 
 and not brought by the taxpayers in their individual capacity, or for their private gain, but rather, as suggested, in the discharge of a trust. It had also certain resemblance to an accounting, covering a number of items and transactions.
 

 We reach the conclusion that the court sitting in the case possessed sufficient equitable jurisdiction to justify the allowance of an attorney fee out of the fund created by the efforts of the taxpayers. The amount returned to the village of Bedford under this proceeding was charged with the expense incident to its recovery. The right of a chancellor to subject a fund created and under the control of the court to the reasonable cost of such creation is well established. The principle is enunciated in the case
 
 *418
 
 of
 
 Kimble
 
 v.
 
 Board of Commissioners of Franklin County,
 
 32 Ind. App., 377, 66 N. E., 1023, wherein it is held: “Defendants as citizens and taxpayers prosecuted certain actions for the recovery, for the use and benefit of the county, money paid by the county commissioners upon alleged illegal claims, and, upon the recovery and collection of the judgments, retained therefrom the expenses incurred, including attorney’s fees, and paid the balance to the county, making a full report of their doings. The board of commissioners accepted and retained the amount so paid, but refused to approve the report, and brought suit for the amount retained by defendants. Held, that defendants had the right to retain the amount of the expenses out of the fund before parting with it, each item being open to investigation and proof as to correctness.”
 

 Much reliance is placed by plaintiffs in error upon the case of
 
 Marion County
 
 v.
 
 Rives & McChord,
 
 133 Ky., 477, 118 S. W., 309, 310, wherein it is held: “A taxpayer undertaking on behalf of himself and other taxpayers of a county to prevent an illegal expenditure of money, or to recover money illegally expended, cannot, without direct statutory authority, require the county to pay his attorney, and the attorney must look alone to the taxpayer for his compensation.”
 

 It is apparent that the paramount question decided in that case was the right to sue the county for attorney fees in the absence of statutory authority, and much is said in the opinion upon the distinction between a county and a municipal corporation. No allowance of attorney fees was made in the original action in which the money was recovered,
 
 *419
 
 nor while the fund was under the court’s control. However, we call attention to the case of
 
 Fox
 
 v.
 
 Lantrip,
 
 169 Ky., 759, 185 S. W., 136, a case in which an allowance for fees of the taxpayer’s attorneys was made
 
 out of the fund recovered
 
 on a claim against a county school superintendent for money wrongfully paid to him. Paragraph 8 of the syllabus is: “Citizens who successfully bring suit to recover back public funds wrongfully appropriated should be allowed compensation for their attorneys, payable out of this fund, when it has been collected and paid into the county treasury.”
 

 The principle thus announced is well reasoned in the opinion, wherein it is said, on page 766 of 169 Ky., 185 S. W., 136, 139:
 

 “There is another question that should be disposed of. In the lower court the appellees moved the court to allow their attorneys, out of the fund recovered, a fee for their services in recovering this money for the county. This motion was overruled, to which appellees excepted and prayed in the lower court, as they had a right to do on this record, an appeal to this court.
 

 “We think the motion should have: been sustained and a reasonable attorney fee allowed. It is very commendable that public-spirited citizens should endeavor to protect the taxpayers of a county from the efforts of an accommodating fiscal court to make unauthorized and unlawful appropriations of the public funds and to seek to recover the money so illegally disbursed from the persons to whom it was wrongfully paid.
 

 “And when, as in this case, the public authorities whose duty it is to bring a suit to recover public
 
 *420
 
 funds wrongfully paid out, refuse to do so, and the duty is thus imposed on the citizen in his private capacity, he should be allowed his attorney fees if successful.
 

 “Citizens should be encouraged to bring suits like this, and when they have succeeded in covering into the county treasury money for the benefit of the people of the county that would otherwise be lost, it is no more than right and just that they should have these fees. If attorneys’ fees could not be allowed in cases like this and a citizen were required to pay out of his own means attorneys’ fees expended in collecting, for the benefit of the public, a public fund, there are not many citizens who would care to voluntarily incur this expense. They would rather bear the probably trifling personal loss sustained by the illegal appropriation than subject themselves to the much larger loss that would be incurred in attorney fees.
 

 “We, therefore, think that when upon demand the authorities who should bring a suit like this, fail or refuse to do so, and it is brought by private citizens, the court trying the case should, when the suit has been prosecuted to a final conclusion and the fund sought to be recovered has actually been collected, in whole or in part, and paid into the county treasury, make a reasonable allowance to the attorneys and direct the payment of the sum by the fiscal court. But in no case should any allowance be made unless the fund sought to be recovered has been recovered in whole or in part and actually paid into the county treasury, and then the fee allowed should be in proportion to the services rendered as well as the amount recovered, but in no
 
 *421
 
 instance exceed the sum actually collected and paid into the treasury. If no money is recovered or paid into the county treasury, then no allowance should be made for attorney fees.”
 

 An allowance of the attorney fees was made payable out of the fund collected and paid into the county treasury. It thus appears that the latter case is more nearly in point, and entitled to greater weight than
 
 Marion County
 
 v.
 
 Rives & McChord.
 

 Reference may be made to cases involving somewhat analogous situations, in which attorney fees were allowed out of funds collected.
 
 State, ex rel. Bonner,
 
 v.
 
 Andrews,
 
 131 Tenn., 554, 175 S. W., 563, a case in which there is an excellent discussion of the right of a taxpayer to maintain such an action and to be allowed reasonable attorney fees; also
 
 Board of County Commrs. of Washington County
 
 v.
 
 Clapp,
 
 83 Minn., 512, 86 N. W., 775;
 
 Jones
 
 v.
 
 O’Connell,
 
 266 Ill., 443, 107 N. E., 731. This court, in
 
 Cohen
 
 v.
 
 Goldberger,
 
 109 Ohio St., 22, 141 N. E., 656, recognized this right of an attorney to fees in a fund created by his services. In the syllabus it is held: “The right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, and is upheld on the theory that his service's and skill created the fund.”
 

 Our attention is called to cases in which the allowance of attorney fees has been denied, such as
 
 State
 
 v.
 
 National Surety Co.,
 
 29 Idaho, 670, 161 P., 1026, 2 A. L. R., 251, in which it is held: “No equitable lien attaches in favor of an attorney for services alleged to have been rendered the state that is
 
 *422
 
 enforceable against the proceeds of a judgment in the custody of the court,
 
 where the constitution and the provisions of the\ statittes in express terms provide the procedure that must be followed
 
 in order to authorize the payment of any claim against the state.”
 

 No such constitutional or statutory provision exists in this state, hence this case is not in point.
 

 Our attention is also called to
 
 Criswell
 
 v.
 
 Board of Directors of Everett School Dist.,
 
 34 Wash., 420, 75 P., 984, a case, however, which did not involve the allowance of attorney fees out of the fund recovered, there being an injunction restraining the payment of certain warrants. In that case, there being no fund created by the taxpayer, the counsel fees in a sense would have to be paid by the school district as a part of the court costs, which was the question involved in the case of
 
 Brundige
 
 v.
 
 Village of Ashley,
 
 62 Ohio St., 526, 57 N. E., 226, in which this court denied the plaintiff the right to have compensation for his attorney included in the costs. There was no fund created in the
 
 Brundige case
 
 as the result of the taxpayers’ efforts. In the case of
 
 Wright
 
 v.
 
 Clark,
 
 119 Ohio St., 462, 164 N. E., 512, where the case involved the present inquiry, no judgment for attorney fees was taxed against Wright, nor allowed as a part of the court costs, but the amount was to be deducted from the fund created as a part of the expenses incident to the creation of the same.
 

 The case of
 
 State, ex rel. Heald,
 
 v.
 
 Zangerle,
 
 94 Ohio St., 447, 115 N. E., 1013, to which our attention is called, was an action in mandamus to compel the county budget commissioners to certify to the county auditor a tax sufficient for budget purposes, regard
 
 *423
 
 less of other needs of the district. The facts are not sufficiently similar to be regarded as a precedent for the case at bar.
 

 While it is true that the original action was for money only, to wit, to recover the amount claimed to have been unlawfully paid to Wright, yet we are of opinion that the action, begun by the taxpayer for no personal gain, but for the benefit and interest of all the taxpayers and inhabitants of the village of Bed-ford, possessed certain equitable characteristics that justified the court, after it had the fund in question under its control, in deducting therefrom the necessary expenses incident to its creation. The situation was not unlike a suit brought by a stockholder of a private corporation to recover money belonging to the corporation, in which suits courts frequently allow attorney fees out of the fund created.
 

 In 4 Dillon on Municipal Corporations (5th Ed.), Section 1588, we find: “It has been held by the courts of several states that when a municipal or other public corporation has a cause of action which should be prosecuted for its use, whether that cause of action be
 
 legal or equitable,
 
 and its governing body or other proper officer wrongfully neglects or wrongfully refuses to commence an action thereon, a taxpayer may, on behalf of himself and all others similarly situated, commence an action in equity to redress the wrong to the corporation, making the corporation a defendant as trustee for all its members. Accordingly, it has been held that a taxpayer may sue to recover back, on behalf of the municipality, moneys of the municipality unlawfully paid to officers, contractors and others.”
 

 
 *424
 
 Such a fund, referred to in the above quotation, created in a court action and still under the control of the court, is in our opinion subject to the court’s power, in the exercise of its jurisdiction, equitable in character, to set aside such portion of that fund as is incident to the expense involved in its creation. The fact that the village received the money direct from Wright, and receipted the docket of the common pleas court, did not make the fund less liable to the lien the court had imposed upon it. It was recovered through the medium of the court and was received subject to its order relating thereto.
 

 Entertaining this view, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.