## PRAIRIE TWP TRUSTEES v GARVER

Ohio Appeals, 5th Dist, Holmes Co

Decided Nov 17, 1931

Mr. Elmo M. Estill, Prosecuting Attorney, Millersburg, for plaintiffs in error.

Mr. W. F. Garver, Millersburg, in propria persona.

SHERICK, PJ.

Considering the first ground of the demurrer, we note from briefs and arguments that Miller is the owner of the land lying south of the plaintiff's woodlot, and that it was his complaint upon which the trustees acted. We might here state that this admission clarifies contradicting statements appearing in the petition with reference to the owner or the owners of the land lying south of the woodlot.

We are unable to see that the first ground of demurrer is well taken. Miller is no doubt a proper party, but he is not a necessary and indispensable party. The trustees complain that this suit will deprive him of his rights, and that he is not accorded his day in court. Of this the trustees should not complain; his loss is not their loss. And we would remark that Miller was in court, represented by counsel, who addressed the court; but we do not find that he ever made request to be made a party to this suit.

We would next examine the third ground of demurrer. The petitioner asserts this action is not brought under favor of any particular statute, although out of a superabundance of caution he did demand that the prosecuting attorney bring this suit, but that the same is brought upon the long-established rule of equity that, in the absence of legislation, as in this case, a taxpayer has a right to call upon a court of equity to interfere to prevent the consummation of a wrong, such as occurs when public officers attempt to make an illegal expenditure of public money, or to create an illegal debt, which one in common with other property holders of the taxing district may otherwise be compelled to pay.

It seems plain that §2922, GC, has direct application to such matters as may affect taxpayers of a county in the unlawful expenditure of county funds, and that this act is not sufficiently broad to cover expenditures as complained of in this suit. §2922, GC, must be read in conjunction with the next preceding section, §2921, GC. Both directly refer to county funds, and, there being no statute prescribing what a taxpayer of a township should do, before bringing an action such as this, we are of opinion that Garver was not first required to deposit security for costs. There being no statute prescribing such a deposit, no such requirement existed, and this ground of demurrer

is therefore not well taken; and the equitable remedy invoked, previously recognized in this state in **Weir v Day, 35 Oh St, 143,** and **Walker v Village of Dillonvale, 82 Oh St, 137,** 92 NE, 220, 19 Ann Cas, 773, is properly solicited.

Turning now to the second reason assigned, that the facts stated do not constitute a cause of action, we are confronted with this question: Is it shown that other taxpayers of the township are in any way interested in the trustees' action in this particular controversy; that is, taxpayers other than Garver and Miller? If others are interested in some degree, then such an action is maintainable, even though Miller is the only taxpayer particularly benefitted and Garver is the only taxpayer materially affected.

We are unable to see in what manner the other taxpayers of Prairie township are interested in the building of this fence, unless by the building of same the neighborhood in general is improved. They cannot as a class be interested in whether Garver may or may not be required to fence his woods or woodlot in an improved farming community, for the reason that good husbandry requires it and most farmers do pasture their woodlots.

Our understanding of the law, where the Legislature has spoken, as in the matter of expenditure of county and municipal funds, is that the interest of other taxpayers in the taxing district must be such an interest as is financial in its nature and net result. That is, that the act or expenditure will in some degree, be it great or small, ultimately cause other taxpayers a financial loss, or deprive them of the right and enjoyment of public property. In other words, that the public treasury of the taxing district may to some extent be depleted or impaired by reason of which other taxpayers will be called upon to pay in part, or replenish the treasury for the sum to be illegally expended. This rule of the law is equally applicable in a court of equity called upon, as in this instance, to grant relief where the law is silent.

It is apparent that the plaintiff in drafting this petition employs most of the reason and considerable of the language of **Alma Coal Co v Cozad, Treas., 79 Oh St,** 348, 87 NE, 172; 20 L R A (ns), 1092, but in that case the company sought to enjoin a county treasurer from collecting a partition fence assessment. This the company did not do as a taxpayer. From an examination of §§5911, 5912, 5914 and 5915, GC, we perceive that it is expressly provided that the county, and not the township, shall pay the costs and contract price when the assessment is

collected. The statutes do not provide that the township shall pay anything. The county treasurer is the paymaster. He may pay from the county funds, if he chooses; or he may await the collection of the assessment. If the treasurer chose to delay payment until the assessment was collected as he would no doubt do, we are unable to see by any stretch of the imagination how taxpayers of a class, of a county, or township, could be interested in or affected thereby. The full cost of the erection of a partition fence is assessed against those directly interested, and no portion thereof is assessed against other property owners. This sort of an assessment is not analogous to a public assessment, like one for county roads or city streets, where the taxing district pays a portion. An assessment for a partition fence building, between two property holders, is not a public assessment, but is in fact a private one in which no taxpayer is interested except the abutting property owners.

It is therefore the view of this court that the plaintiff's petition does not show that other taxpayers are interested in this controversy. This being true, the plaintiff cannot maintain this suit as a taxpayer on behalf of other taxpayers. It is his own particular grievance. The right of a taxpayer to maintain such a suit is a privilege only recognizable and exercisable in a public capacity, and the result to be accomplished must be of benefit to the public within the taxing district. We therefore hold that in the manner drawn the petition does not show that the plaintiff as a taxpayer is entitled to the relief sought.

It is therefore the judgment of this court that the petition does not state a cause of action and that the demurrer should have been sustained. The injunction is dissolved, and the judgment is reversed.

LEMERT and MONTGOMERY, JJ, concur.