The State, ex rel. Roettinger, A Taxpayer, *v.* City of Cincinnati.

(Decided March 5, 1934.)

*Mr. Stanley C. Roettinger, Mr. Roy L. Struble* and *Mr. Sol Goodman,* for plaintiff in error.

*Mr. John D. Ellis* and *Mr. Edward F. Alexander,* for defendant in error.

Hamilton, P. J. This is a taxpayer's suit against the City of Cincinnati, and grows out of a contract entered into in February, 1924, to house the Municipal Court of Cincinnati in the county court house.

The petition of the relator, after the necessary jurisdictional allegations, states that on February 15, 1924, the county commissioners of Hamilton county entered into a contract of lease with the City of Cincinnati for certain rooms on the fifth floor of the county court house, together with janitor service, light and tele-

phone service, for a period of five years; the consideration named in the contract being one dollar.

The petition further states that the rooms specifically enumerated in the petition, together with the services provided for are of great value to the county of Hamilton; that the exact amount is unknown to the plaintiff; that the lease and services for the consideration of one dollar were without authority, contrary to the express provision of the laws of Ohio, and in total disregard of the rights of the plaintiff and all other taxpayers of Hamilton county, Ohio.

Relator further states that by reason of the acts in executing a lease for the use of rooms in the county court house, the taxpayers of Hamilton county have suffered financial loss in a great amount of money, the exact amount of which is unknown.

The relator prays for an accounting of the value for the use of such property for the period beginning February 15, 1924, to date, and prays that the court render judgment in such amount against the defendant, the City of Cincinnati.

To this petition, a demurrer was filed, which was overruled by the trial court, to which the City of Cincinnati excepted.

The city thereupon answered admitting the necessary jurisdictional matter, and denied generally the other allegations.

The city thereupon moved for judgment on the pleadings, which motion was overruled by the trial court, and the city excepted.

The case was tried to the court apparently as a chancery matter. This case is not a chancery case, the defendant was entitled to a trial by jury; but it went to trial without objection, and, therefore, it may be considered as a law case tried to the court without a jury.

The trial court found for the defendant, and ren-

dered judgment dismissing relator's petition at his costs.

Error is prosecuted to this court seeking a reversal of the judgment of the Court of Common Pleas dismissing the petition.

The record discloses that the trial court heard evidence as to other consideration, in addition to the one dollar consideration named in the lease, and found ample consideration in addition to the dollar named. This additional consideration tended to show the advantages to the lawyer practitioner and the litigants, and tended to show that the jurisdiction of the Municipal Court extended in some matters throughout the county, and that a vast majority of the citizens of Hamilton county resided in Cincinnati and benefited thereby. Whether or not these matters were necessary to a determination of the case we need not determine.

Section 3624, General Code of Ohio, authorizes the city council to enter into an agreement with the commissioners of any county in which said municipal corporation is located, for the lease of suitable quarters in the county buildings for police and municipal courts.

Section 2419-2, General Code, authorizes the county commissioners by agreement with the city council to lease to any municipal corporation in the county suitable quarters in the county buildings for municipal courts.

From the allegations of the petition and the answer a contract of lease was entered into, valid on its face. It is the law that the consideration clause in a deed of conveyance is conclusive for the purpose of giving effect to the operative words of the deed. *Shehy* v. *Cunningham,* 81 Ohio St., 289, 90 N. E., 805, 25 L. R. A. (N. S.), 1194.

It is alleged in the petition and admitted in the answer that the lease was for a five year term. It therefore follows that the lease expired February 15,

1929, and was fully executed long before the filing of this action.

From the allegations of the petition, it is difficult to understand the character of the action the relator had in mind. He suggests in the brief that it is founded upon tort and unlawful fraud. The allegations of the petition are to the effect that the consideration was inadequate. It is argued in the brief that the consideration was so inadequate as to be tantamount to legal fraud. If it is a tort action involving fraud, it is difficult to see how the claim that the city could thereupon be required to pay additional rent as upon *quantum meruit* could be sustained.

The Constitution provides that a municipality may not make expenditures excepting by authority of law. We know of no law and none has been cited to require a municipality to pay rent under a *quantum meruit* action. If it was a question of damages by reason of fraud that action could not be maintained against the city, if the city received the bargain without collusion. How, in a taxpayer's suit, can it be held to pay money not authorized by law? It is quite probable that had any such consideration as is claimed in this suit been required for the use of the rooms the city would not have entered into such contract. The good faith of the city is not questioned. The most that can be deduced from the petition is that the commissioners were at fault in letting county property for use at an inadequate consideration. If there is any relief for the taxpayer, it would not be against the city.

The defendant, the City of Cincinnati, in its use of the rooms in the court house after February 15, 1929, was without contractual rights, and if the relator desires to object to its use his remedy is not by a suit to collect rent.

The trial court erred in overruling the demurrer to the petition, but, in view of its final decision no harm

resulted from that ruling. Finding nothing in the pleadings or in the evidence justifying the action, the judgment of the Court of Common Pleas dismissing the petition of the relator, at his costs, is affirmed.

*Judgment affirmed.*

CUSHING and ROSS, JJ., concur.