Schultz, a Taxpayer, *v*. City of Cincinnati et al.

(Decided March 19, 1934.)

*Mr. Eli G. Frankenstein,* for plaintiff in error.

*Mr. John D. Ellis* and *Mr. Ed. F. Alexander,* for the city of Cincinnati.

*Messrs. Waite, Schindel & Bayless,* for The Baltimore & Ohio Railroad Company.

HAMILTON, P. J.   The plaintiff, William J. Schultz, filed his petition as a taxpayer of the city of Cincinnati alleging in substance that the City Council of Cincinnati, in 1928, passed an ordinance declaring the necessity of eliminating railroad grade crossings; that council submitted to the electors of said city a proposition for a bond issue therefor; that a large plurality of the electors of the city of Cincinnati voted for the bond issue for the purpose of eliminating the grade crossings and that the passing of the ordinance and the result of the election on the bond issue made it mandatory on the defendants, the city of Cincinnati and The Baltimore & Ohio Railroad Company, to proceed with the elimination of the crossings.   The petition prayed for a mandatory injunction to compel the city of Cincinnati and The Baltimore & Ohio Railroad Company to proceed with the elimination work, and that the railroad company be compelled to pay its portion of the costs.

To this petition the defendants demurred.

This was not an action to enjoin any unlawful act of the council of the city of Cincinnati, or to enjoin any unlawful expenditure of money, or to enjoin the arbitrary abuse of discretion of public officials.   If there was any right in the plaintiff it could have been exercised by way of mandamus, to compel the performance of a duty enjoined by law.   We know of no authority, and none has been cited, authorizing the bringing of such an action as this by a taxpayer.   If

there were such authority, injunction would not be the remedy. If the suit be considered as one in the nature of a mandamus action, it may be said that the law does not require council to proceed under an ordinance if it does not desire to do so—unless required by positive law. The fact that authority to issue bonds was voted does not necessarily require council to proceed. It simply authorizes council to proceed if in the exercise of its administrative capacity it sees fit to proceed.

The demurrer was properly sustained, and the judgment is affirmed.

*Judgment affirmed.*

CUSHING and Ross, JJ., concur.