CITY OF CINCINNATI, EX REL. OTT, *v.* THE UNION GAS & ELECTRIC CO.

(Decided June 11, 1934.)

*Mr. Sol Goodman,* for plaintiff in error.
*Mr. C. S. Weakley, Mr. William B. Ramsey* and *Mr. John Weld Peck,* for defendant in error.

HAMILTON, P. J. In this action plaintiff in error Charles A. Ott, who was plaintiff below, filed his petition as the trustee of a civic organization, as a taxpayer and individually. He alleged, among other things, that the franchise of the defendant Union Gas & Electric Company expired in 1931; that since that time the company has been using the streets of the city of Cincinnati without paying compensation therefor; and he further alleges that reasonable compensation for the use of the streets for the period of two and a half

years immediately preceding the filing of this suit justly amounts to the sum of $2,009,376.28, and he asks the court to ascertain the reasonable rental value of the properties of the city used by the defendant company and to render judgment for that amount.

The defendant moved that the plaintiff's petition be dismissed for the reason that the plaintiff does not have the legal capacity to maintain or bring such action, and that the action brought is not of the character and the type designated under the laws of the state of Ohio as one which plaintiff would have a right to maintain and prosecute.

The court sustained the motion to dismiss the petition. The court properly sustained the motion, for the reason that the plaintiff did not have the legal capacity to maintain the action; nor did the allegations of the petition state a cause of action in him. Ott individually and as a trustee had no standing in court. Considering the question of his rights as a taxpayer, it is sufficient to say that he is not within the enabling Sections 4311, 4312, 4313 and 4314 of the General Code, authorizing him as a taxpayer to bring the action, in the absence of fraud or collusion or disobedience of positive statutory enactment.

Moreover, the council of the city has no power to grant rights in the streets of the city to a public utility company, except as provided by law. Such rights are only conferred by contractual grant, entered into in strict compliance with the provisions of the law. If the city council could collect *quantum meruit* rental for the use of the streets, it would have to be under the power of council to rent the streets without complying with the law to confer a grant. The terms of such a grant are subject to revision by the Public Utilities Commission under state law. There is no right on the part of the city to collect rental from a public utility

company for the use of the streets. If the city cannot do it, certainly an individual may not enforce the collection of *quantum meruit* rentals in a suit for that purpose. His rights can be no greater than the city's rights. If the defendant company is in the streets unlawfully and without right there are methods provided by law to relieve the situation, but not by the collection of *quantum meruit* rentals.

The judgment is affirmed.

*Judgment affirmed.*

Ross, J., concurs.