**KASCH v PEOPLES HOSPITAL CO et**

Ohio Appeals, 9th Dist, Summit Co

Decided April 8, 1936

Gottwald & Breiding, Akron, for appellee.
Slabaugh, Seiberling, Huber & Guinther, Akron, for appellants.

ROSS, PJ, MATTHEWS and HAMILTON, JJ, (1st Dist) sitting by designation.

## OPINION

By ROSS, PJ.

This is an appeal on a question of law. In the Court of Common Pleas of Summit County judgment was rendered after January 1, 1936, in favor of the plaintiff, Gus F. Kasch, who sued as a taxpayer on behalf of the city of Akron and on behalf of other taxpayers and water consumers in the city of Akron similarly situated. In the amended petition it is alleged that the plaintiff requested the city solicitor to institute the instant suit; that more than fifteen days elapsed without compliance with such request before this action was commenced; that the action is brought under the provisions of §4314, GC, and also "in accordance with the general rules of law and equity;" that the defendant is an Ohio charitable corporation, not for profit; that the city of Akron by ordinance passed January 19, 1932 (attached to and made a part of the amended petition) required the appropriate officer of the city to collect water rent from such institutions, as the defendant; that there is due the city for water furnished the sum of $23,131.27, and that the defendant refuses to pay.

The answer admits that the city has supplied the defendant with water, admits the passage of the ordinance mentioned in the amended petition, and that "it has refused to pay certain demands for water rent made upon it by the city of Akron." Other allegations of the amended petition are denied and a second defense sets up the six-year statute of limitations.

A reply contained a denial of new matter set up in the answer.

In the opening statement of counsel for plaintiff it was stated that the city had been furnishing the defendant hospital water from January 1, 1929, to January 1, 1934, and that there is due the city for same the sum of $23,131, that demand has been made therefor, and that by the terms of the city ordinance the law director has been required to file suit therefor. A jury was waived. A motion was then made by the defendant for judgment upon the opening statement of counsel, first, because the city of Akron was not a party; second, that the plaintiff has no capacity to sue; third, that §3963, GC, granting free water to schools, is constitutional. The court thereupon stated, referring to the city of Akron: "All right, we will make the city a party." The bill of exceptions recites that "thereupon after due consideration the court found the issues in this case in favor of the plaintiff and against the defendants."

There is no evidence in the record that summons was ever served upon the city of Akron, or that it entered its appearance. The journal entry recites that the parties agreed to "submit this cause to the court for final determination upon the opening statement of plaintiff's counsel." Also, that the court finds §3963, GC, unconstitutional; that the plaintiff has legal capacity to sue, and that the defendants' motion for judgment should be overruled.

Judgment was thereupon rendered for the sum prayed for in favor of the plaintiff on behalf of the city of Akron.

Certain preliminary considerations may be disposed of at once.

The city of Akron was not made a party defendant by due process, even if it was considered to be such.

Sec 3963, GC, is unconstitutional. **Board of Education of Willard Village School District v Village of Willard, 130 Oh St, 311,** 199 NE, 74; **Board of Education of City School Dist. of Columbus v City of Columbus, 118 Oh St, 295, 160 NE, 902.**

If this action were maintained by the city

itself it would be a simple action at law upon an implied contract involving the furnishing of water to the defendant, carrying a necessary implication that payment at current rates should be made by the defendant.

It is also obvious that in view of the now statewide unconstitutionality of the statute, the last decision of the Supreme Court being concurred in by the constitutional majority, the city ordinance was a mandate to the proper city officials to collect the amount due from the defendant from January 1, 1932.

Our conclusions upon these phases of the case leave therefore one and only one consideration undisposed of. Can the plaintiff maintain the instant action? Essentially the question is: Has the plaintiff as a taxpayer or water consumer of the city of Akron the right to maintain this taxpayer's suit, so-called?

It is conceded and we agree that no section of the General Code, particularly §4314 GC, confers any right upon the plaintiff to maintain this action, although under that section and §4313 GC, an action in mandamus might be maintained by a taxpayer properly suing for the period after the above date. He is, therefore, relegated to whatever rights a court of chancery offers him. Where does he stand in such court? Cases brought under the statutes supra are of no advantage in reaching a conclusion upon the question. Great reliance is placed upon the case of Walker v Village of Dillonvale, 82 Oh St, 137, 92 NE, 220. This case announces the rule that a taxpayer in a proper case is not solely relegated to the relief provided by statute. This is admitted. Now the relief sought here is to collect a sum of money due the city upon an implied contract, which it, for some reason, refuses to collect. It is not claimed that such refusal was prompted by fraud, and no injunctive remedy is sought. Nor is it asserted that money has been illegally expended and is in the hands of those from whom it may lawfully be reclaimed. Such instances constitute the basis for equitable intervention. Nowhere in the Walker case is it suggested that an action such as is here sought to be maintained could be brought within the scope of equitable jurisdiction.

This court has steadily refused to extend the jurisdiction of equity to cases similar in nature to the one at bar. ▮▮▮▮ State ex Alcorn v Cincinnati Traction Co., unreported decision by this court May 5, 1924; **City of**

Cincinnati v Union Gas & Electric Co., 49 Oh Ap, 166, 195 NE, 488, (18 Abs 599); State ex Roettinger v City of Cincinnati 49 Oh Ap, 42, 195 NE, 71, (18 Abs 540); Schultz v City of Cincinnati, 48 Oh Ap, 432, 194 NE, 38, (18 Abs 345).

In the instant case we do not know why the proper municipal officers failed to institute the suit directed by the city ordinance.

From the arguments of counsel we gather that it was because such officers deemed the statute, §3963, GC, constitutional and controlling. If such is the case a court could scarcely find that even an abuse of discretion existed on the part of such officials.

We have searched in vain for any foundation in equity for the instant action.

The judgment is reversed and judgment may be entered in this court for the appellants.

Judgment reversed.

HAMILTON, J, concurs in opinion and judgment.

MATTHEWS, J, concurs in judgment.