Weygandt, C. J.
 

 It should be noted first that certain questions are not before this' court for consideration. The respondent is not 'complaining about the allowance of the writ of mandamus. Nor does he object to the
 
 amount
 
 of the attorney’s fee and expenses allowed, or to the authority of the Court of Appeals to tax the costs against him. Likewise, he concedes the capacity of the relator to institute this action. His only complaint in this court is set forth in the following four sentences in his brief:
 

 “However, it is submitted and we respectfully contend that there is no authority for the granting of attorney fees in this type of action. This action was brought to compel a public official to carry out a ministerial duty. No fund was before the court nor did a fund come into the court for distribution as a result of the action of appellee. It seems clear that attorney fees can only be ordered paid when a fund is directly created by the action of the taxpayer and when such fund is in the custody of the court.”
 

 From a study of the opinion óf the Court of Appeals it is apparent that in that court the respondent placed some reliance upon the following prohibition in Section 29 of Article II of the Constitution of Ohio:
 

 “* * * nor, shall any money be paid, on any claim, the subject-matter of which shall not have been provided for by pre-existing law, unless such compensa
 
 *591
 
 tion, or claim, be allowed .by two-thirds of the members elected to each branch of the General Assembly.”
 

 The respondent there asserted that the only method through which such fees may be collected is the allowance of the claim by the Legislature. In disapproving this view the Court of Appeals relied upon the reasoning of this court in the case of
 
 State, ex rel. Ach,
 
 v.
 
 Braden,
 
 125 Ohio St., 307, 181 N. E., 138, and in the case of
 
 Fisher Bros. Co.
 
 v.
 
 Brown, Secy. of State,
 
 111 Ohio St., 602, at page 624, 146 N. E., 100, where it was pointed out that under the provisions of Section 6309, General Code, and related sections, “that part of the taxes apportioned to the districts of registration does not enter the state treasury as other taxes, but is placed in the custody of the state treasurer, to be disbursed under Section 6309-1, General Code.” Evidently the respondent accepts this view and no longer contends that this constitutional prohibition applies. In any event, in his brief he does not present this question for the consideration of this court.
 

 The respondent’s present-contention is that as a result of this action no fund has been created and paid into court, and therefore the Court of Appeals had no authority to make an allowance for an attorney fee and expenses. The precedent receiving the most attention by counsel and the Court of Appeals is the decision of this court in the case of
 
 Council of Village of Bedford
 
 v.
 
 State, ex rel. Thompson, Hine & Flory,
 
 123 Ohio St., 413, 175 N. E., 607. It is relied upon by the relator and the Court of Appeals, but the respondent claims it is distinguishable on the facts. In that case a writ of mandamus was allowed to compel the village of Bedford to pay an attorney fee that had been awarded to the relators in an earlier action in which the relators had obtained a judgment against the defendant for money unlawfully paid to him by the village. The defendant refused to pay the relators the amount of their fee. Likewise he refused to pay the
 
 *592
 
 money into court. Instead lie paid the entire sum to the village. It was then' that the relators instituted their action asking the Court of Appeals to allow a writ of mandamus to compel the village to pay the attorney fee that had been awarded to them in the. previous suit. In both actions, as in the instant case, it was strenuously urged that under the circumstances the court was without authority to allow an attorney fee. This court not only permitted the allowance to stand but also unanimously affirmed the judgment of the Court of Appeals issuing the writ of mandamus against the village. In the syllabus this court said:
 

 “Where a taxpayer, on behalf of himself and other taxpayers of a village, has successfully prosecuted an action to recover money unlawfully paid by such village, and such money has been restored to the village, such action, while for money only, possesses certain equitable characteristics, and the trial court, out of the fund so created, in the exercise of equitable powers, may allow a reasonable fee to the attorneys of the taxpayer, payable out of the fund so created.”
 

 Since a fee was approved under, those circumstances,
 
 a fortiori
 
 the allowance must be affirmed in the instant case. There the defendant in the original action not only did not pay the money into court but divested himself of its possession and control by paying it to the village. Here the respondent still has in his hands ample funds which this action preserved by preventing bim from returning them to owners of cement mixing motor conveyances who had paid the tax, and furthermore he has since received much greater sums from the same source. In actions of this sort there is no magic in -the single fact that the fund created has or has not been paid into court. Indeed it would be an alarming doctrine and a mark of inexplicable impotency for a court exercising equitable powers to hold that in such a case its jurisdiction over a litigant
 
 *593
 
 vests the court with no control over such funds within the possession and control of the litigant.
 

 This court approves and follows the principle announced in the
 
 Bedford case, supra,
 
 and affirms the judgment of the Court of Appeals in the present controversy.
 

 Judgment affirmed.
 

 Day, Zimmerman, Matthias and Hart, JJ., concur.
 

 Myers, J., dissents.