REED, A TAXPAYER, APPELLEE, *v.* TIMBERMAN, APPEL-LANT; WAHL, DIR. OF PUB. WORKS, APPELLEE.

(Decided June 10, 1940.)

*Mr. Larz R. Hammel* and *Mr. Charles K. Pulse,* for appellee, Frank F. Reed.

*Messrs. Peck, Shaffer, Williams & Gorman* and *Mr. Wm. B. Petermann,* for appellant, Joseph R. Timberman.

*Mr. Thomas J. Herbert,* attorney general, for appellee, Carl G. Wahl, director of public works.

Ross, J. This action was brought by the plaintiff, a taxpayer of the state of Ohio for himself and "on behalf of and for the benefit of the citizens and taxpayers of the state of Ohio against a lessee of a tract of land formerly used by the state of Ohio for canal purposes

and the Director of Public Works of the state of Ohio."

The Director of Public Works demurred to the petition on the ground, among other things; that the plaintiff had no capacity to sue; that the action was in effect a suit against the state of Ohio; and that there was no consent on the part of the state to bring the action and no statutory authority in law to maintain same.

The demurrer was overruled.

By this action, the plaintiff seeks to eject the lessee from the premises leased, to secure a cancellation of such lease, and to secure a mandatory injunction requiring the lessee to restore the premises to the condition in which they were at the time he took possession. There is no statutory authority for such an action. The petition states a cause of action, however, invoking the equity powers of the court.

The plaintiff has a right to maintain this action independent of any statutory authority. *Walker* v. *Village of Dillonvale,* 82 Ohio St., 137, 92 N. E., 220; *Council of Village of Bedford* v. *State, ex rel. Thompson, Hine & Flory,* 123 Ohio St., 413, 417, 175 N. E., 607; 124 A. L. R., 592, note; *Trustees of Prairie Township* v. *Garver,* 41 Ohio App., 232, 236, 180 N. E., 747; *Kasch* v. *Peoples Hospital Co.,* 54 Ohio App., 80, 83, 5 N. E. (2d), 1020.

The Director of Public Works later filed, through the Attorney General of Ohio, a most peculiar answer. The effect of this pleading is to recognize in full the claims of the plaintiff. It alleges in conclusion that the lessee unlawfully retains possession of the premises in question. There is no authority in law permitting the Director of Public Works to enter the appearance of the state of Ohio in any litigation in which the state is directly or indirectly sued. The interest of the director in the instant litigation is identical with the state of Ohio, for the reason that in acting on behalf of the state in executing the lease, he caused the state to exercise its sovereign right and the state now has a

direct proprietary and pecuniary interest in the matter involved in this action. If the prayer of the petition should be made effective against the state, it would be deprived of the rent now being paid by the lessee.

The interesting thing about the answer of the director is that he prays to be dismissed with his costs.

The situation is, therefore, otherwise than appears in *State, ex rel. Fulton, Supt. of Banks, v. Bremer, Admx.*, 130 Ohio St., 227, 198 N. E., 874.

If the answer of the director be considered an attempt to enter the appearance of the state, it is a futile attempt in the absence of authority in the director so to do. 37 Ohio Jurisprudence, 266, Section 43.

On the other hand, the action against the director is in effect an action against the state itself which is the real party in interest. 37 Ohio Jurisprudence, 268, Section 44.

It seems strange to us that the Attorney General whose attention has been called to this situation and who has filed an answer for the director should not cause the state of Ohio to intervene affirmatively in this action. The state has unquestioned power so to do.

Were we presented with such a situation, we would unhesitatingly decree the lease in question void for failure to comply with the statutory requirements applicable to such matters as set out in Section 14153 *et seq.*, General Code.

We are, as the case is now presented, confronted with a situation in which the plaintiff, a taxpayer, sues on behalf of himself and other taxpayers in the state seeking relief against an instrument executed by the state, and which as far as the state of Ohio is concerned, we are to consider one which it is enforcing and will enforce.

Were we to grant the prayer of the petition, the result would be to render the lease void as to all concerned *except* the state of Ohio as to which sovereignty

we have no jurisdiction either to make a decree or enforce it.

The parties would be placed in an anomalous situation. The lessee would by force of our decree be compelled to evacuate the premises, and yet he could not claim *res judicata* in an action by the state for rent since the state as such is not a party to this action and cannot be bound by the suit of a taxpayer, who has no authority to represent the state.

Equity cannot grant a decree which will affect only one party to an instrument and leave the other party free to enforce its provisions.

Even if the taxpayer's suit which is a class suit should be considered a representative suit, whereby the state of Ohio is brought into the case by representation, which we have found cannot be, we would be confronted with a situation, as now presented, in which the state of Ohio was both plaintiff and defendant.

It is obvious to us that the facts present a situation in which the state itself is the proper plaintiff, and that in the absence of direct action on its part no one is permitted to cause it to take action which it manifestly, for reasons best known to those responsible, refuses to take.

The cases noted by the plaintiff do not justify a contrary conclusion.

This situation having now been presented to this court, it is compelled to deny the prayer of the petition, which is dismissed for the reasons given.

*Petition dismissed.*

MATTHEWS, J., concurs.
HAMILTON, P. J., dissents.