Zimmerman, J.
The claim for the allowance of attorney fees is predicated entirely on Section 5a, Article XII of the Constitution of Ohio, which reads:
“No moneys derived from fees, excises, or license taxes relating to registration, operation, or use of vehicles on public highways, or to fuels used for propelling such vehicles, shall be expended for other than costs of administering such laws, statutory refunds and adjustments provided therein, payment of highway obligations, costs for construction, reconstruction, maintenance and repair of public highways and bridges and other statutory highway purposes, expense of state enforcement of traffic laws, and expenditures authorized for hospitalization of indigent persons injured in motor vehicle accidents on the public highways.”
Both the Court of Common Pleas and the Court of Appeals in essence took the position that the “costs,” referred to in *79 the above-quoted section, are the “costs of administering such laws”; and that “such laws” have reference exclusively to “fees, excises, or license taxes relating to registration, operation, or use of vehicles on public highways, or to fuels used for propelling such vehicles” and may not be extended and broadened to embrace costs incurred for the services of attorneys in successfully prosecuting the Mnd of action brought by Grandle. We are in agreement with the conclusion of the lower courts.
It is important to note that involved herein are funds which were paid into the state treasury and which were specifically appropriated therefrom to the use of a state agency for a particular and limited highway purpose, wholly foreign to the payment of attorney fees in an action of the character inaugurated by Grandle.
In further considering this matter, Sections 22 and 29 of Article II of the Constitution should not be ignored. The former section plainly states in part that “no money shall be drawn from the treasury, except in pursuance of a specific appropriation, made by law.” And the latter section provides in part: “Nor shall any money be paid, on any claim, the subject matter of which shall not have been provided for by preexisting law, unless such compensation, or claim, be allowed by two-thirds of the members elected to each branch of the General Assembly.”
It would seem evident that any allowance of attorney fees made to Grandle’s counsel would be payable from the state treasury, and there is no legislative action discoverable, statutory or otherwise, to sanction such an expenditure. Compare State, ex rel. Yontz, v. West, Registrar of Motor Vehicles, 135 Ohio St., 589, 21 N. E. (2d), 987, where attorney fees were allowed from tax funds before they had reached the state treasury.
We are aware of the case of Harbage v. Tracy, Aud., 64 Ohio App., 151, 28 N. E. (2d), 520 (appeal dismissed, 136 Ohio St., 534, 27 N. E. [2d], 141), wherein the allowance of attorney fees in a taxpayer’s action involving public funds was approved. However, so far as that case may be in conflict with *80 what has been said here, it must give way. Other cases decided by this court and cited in the briefs of opposing counsel are not directly in point on the precise question now before us.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., and Matthias, J., concur.