OTTO, A TAXPAYER, *v.* PATTERSON, MAYOR, ET AL.*

(No. 2656—Decided August 1, 1961.)

*Judgment affirmed, 173 Ohio St., 174.

*Mr. Walter Otto, in propria persona.*

*Mr. Herbert S. Beane,* city attorney, and *Mr. Maurice J. Gilbert,* for defendant R. William Patterson, Mayor.

*Mr. Paul R. Young,* prosecuting attorney, and *Mr. Herbert Ernst, Jr.,* for defendant Robert L. McBride, Judge of the Common Pleas Court.

SHERER, J. The plaintiff herein, Walter Otto, has filed a petition in this court seeking a writ of prohibition to prohibit defendants, R. William Patterson, Mayor of the city of Dayton, and Robert L. McBride, Judge of the Common Pleas Court of Montgomery County, Ohio, from denying him his claimed right to appear in the Common Pleas Court of Montgomery County, Ohio, and prosecute a taxpayer's suit on his own behalf, on behalf of the city of Dayton and on behalf of all other taxpayers similarly situated.

Plaintiff's petition alleges that he filed a taxpayer's suit in that court, being case numbered 117619 on the docket of the court, on his own behalf, on behalf of the city of Dayton and on behalf of other taxpayers, on refusal of the attorney for the city to bring suit upon written request of plaintiff and on deposit of security for costs.

Plaintiff's petition alleges further that he appeared in prosecution of his suit on a motion therein before the defendant, Robert L. McBride, judge of such court, on or about September 24, 1960, and that the judge at that time "did take judicial action and threaten prosecution of actions upon relator, and did promise punishment in severe form upon this taxpayer, including confinement behind walls or bars."

Plaintiff's petition alleges further "that said threatened prosecution would come upon this taxpayer's mere representation in said court as an aggrieved taxpayer; and upon this taxpayer's mere act of press in prosecution of this taxpayer's said suit in said court and upon this taxpayer's mere act of presentation of this taxpayer's petition to said court's clerk."

Plaintiff's petition alleges further that "respondent mayor's counsel, the city of Dayton, Ohio, and said city's trial counsel concur in the merit of respondent court's said action."

This matter is before this court on motion of Paul R. Young, prosecuting attorney of Montgomery County, Ohio, on behalf of defendant, Robert L. McBride, Judge of the Common

Pleas Court of Montgomery County, Ohio, to require plaintiff to obtain counsel to represent him in this action within ten days or suffer dismissal of the action. The prosecuting attorney further moves the court to dismiss this action for the reason that a writ of prohibition is not plaintiff's proper remedy.

This matter is before this court also on demurrer of defendant R. William Patterson who demurs to plaintiff's petition for the reason that it does not state facts which show a cause of action.

Plaintiff is not an attorney admitted to the practice of law in the state of Ohio and he seeks to enforce a right to represent himself, the city of Dayton and all other taxpayers without the aid of an attorney licensed to practice law in Ohio. The question to be determined on the first branch of the motion filed on behalf of defendant judge is whether a taxpayer, not an attorney, may initiate and prosecute a taxpayer's suit under authority of Section 733.59 of the Revised Code, which provides as follows:

"If the city solicitor fails, upon the written request of any taxpayer of such city, to make any application provided for in Sections 733.56 to 733.58, inclusive, of the Revised Code, such taxpayer may institute suit in his own name, on behalf of the city. Any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."

Section 733.56, Revised Code, provides that:

"The city solicitor shall apply, in the name of the city, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the city, the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinances governing it, or which was procured by fraud or corruption."

Section 733.57, Revised Code, provides as follows:

"When an obligation or contract made on behalf of a city, granting a right or easement or creating a public duty, is being evaded or violated, the city solicitor shall apply for the for-

feiture or the specific performance thereof as the nature of the case requires.''

Section 733.58, Revised Code, provides as follows:

''In case an officer or board of a city fails to perform any duty expressly enjoined by law or ordinance, the city solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty.''

In the case of *Knorr et al., ex rel. City of Cincinnati*, v. *Miller*, 5 C. C., 609, 3 C. D., 297, the Circuit Court of the First District considered Sections 1777 and 1778 of the Revised Statutes of Ohio. Section 1777 was substantially the same as Section 733.56, Revised Code, and Section 1778 was substantially the same as Section 733.59, Revised Code. In construing Sections 1777 and 1778 of the Revised Statutes, the Circuit Court said, at page 614:

''The object and meaning of those sections, it seems to us, is to preserve the municipal corporation its rights. By Section 1777, it is the duty of the city solicitor to bring such action. By Section 1778, if he fails, upon written application, to bring such action, then a taxpayer may do so. It is not to protect any right peculiar to the taxpayer, but to protect a right that belongs to the city; and the right of the taxpayer to maintain the action depends upon whether the solicitor has refused, after being requested in writing, to bring the suit, and the fact whether he is a taxpayer.''

In the case of *Trustees of Prairie Twp.* v. *Garver*, 41 Ohio App., 232, the Court of Appeals for Holmes County said, at page 238: ''The right of a taxpayer to maintain * * * [an action as a taxpayer on behalf of himself and other taxpayers] is a privilege only recognizable and exercisable in a public capacity, and the result to be accomplished must be of benefit to the public within the taxing district.''

Section 733.59, Revised Code, clearly indicates that a taxpayer's suit is to be brought in the name of the taxpayer *on behalf of the city*. In the case before us it is urged that the plaintiff, not an attorney, is seeking to engage in the practice of law in filing and prosecuting a taxpayer's suit on behalf of the city of Dayton and all other taxpayers therein. Any citizen, not an attorney, may represent his own personal interests by prosecuting or defending a legal action without the aid of an attorney.

But here plaintiff seeks to act as an attorney on behalf of the city of Dayton and other taxpayers therein. We hold that such action constitutes an attempt to practice law contrary to the provisions of Section 4705.01, Revised Code, which are, in part, as follows:

"No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which he is not a party concerned * * * unless he has been admitted to the bar by order of the Supreme Court in compliance with its prescribed and published rules. * * *"

The first branch of the motion of defendant, Robert L. McBride, Judge, will be sustained.

The second branch of such defendant's motion is to dismiss this action for the reason that prohibition is not plaintiff's legal remedy. A writ of prohibition is an extraordinary judicial writ, issuing out of a court of superior jurisdiction, to prevent an inferior court or tribunal from usurping jurisdiction with which it is not legally invested. *State, ex rel. Brickell,* v. *Roach, Recr.,* 122 Ohio St., 117. An attorney is an officer of the court, and the Common Pleas Court has the right and the duty to prevent a person, not an attorney, from engaging in the practice of law.

The second branch of such defendant's motion will be sustained.

The defendant Patterson, Mayor, demurs to plaintiff's petition for the reason that it does not allege facts which constitute a cause of action against him. We have carefully examined plaintiff's petition and find no allegation of fact which constitutes a cause of action against such defendant. The demurrer will be sustained.

*Judgment accordingly.*

CRAWFORD, P. J., and KERNS, J., concur.