By the Count.
 

 This is an action in mandamus, commenced in this court, in which relator seeks to enforce the laws of Ohio relative to the pollution of rivers and other water courses. It is charged in the petition that the respondents are causing sewage of the city of Delphos to be discharged into the Auglaize river and Jennings creek, in violation of the statutes of Ohio, in such quantities and of such character as to pollute these water courses, and that this conduct upon the part of the respondents constitutes a public nuisance, by making these streams and water courses a menace to public health and welfare in that vicinity.
 

 The petition contains proper allegations necessary to show that an examination of the situation had been duly made by the state director of health, pursuant to proper complaints filed in reference thereto, all in accordance with the provisions of Section 1249
 
 et seq.,
 
 General Code, and that a hearing following such examination and finding by the di
 
 *433
 
 rector of public health, after due notice to the respondents, had been held by the state board of health, and that, upon evidence produced at such hearing, the state board of health had found the facts as above set forth, and that the respondents were duly notified by the state board of health of the findings so made, and were directed by the state board of health to make other arrangements, within a specified time named in the order, for the proper disposal of such sewage in a manner satisfactory to the state board of health, that the time so fixed had elapsed, and that the respondents had declined and refused to comply with the order of the board.
 

 The respondents, by demurrer, challenged the sufficiency of the petition, and presented many other issues for the consideration of this court, embracing the unconstitutionality of the law under which the board of health is acting, misjoinder of parties, omission ¡of parties, insufficiency of the findings made by the board of health, unreasonableness of the order by the state board of health, and presenting also the claim that under the home rule provisions of the Constitution the city of Delphos cannot be controlled by the state board of health with respect to its disposal of the sewage of the city.
 

 This court is of the opinion that every issue presented by the pleadings and urged in the arguments and briefs of counsel has been fully and completely covered by the decisions of this court, and that there is now nothing further to be said on the subject. We refer to the case of
 
 State Board of Health
 
 v.
 
 City of Greenville,
 
 86 Ohio St., 1, 98 N. E., 1019, and cases therein cited, and to the decisions of this court that have since approved and followed the G-reéñville
 
 *434
 
 decision, as follows:
 
 State, ex rel. Ach,
 
 v.
 
 Evans,
 
 90 Ohio St., 243, 107 N. E., 537;
 
 State, ex rel. Merydith Construction Co.,
 
 v.
 
 Dean, Aud.,
 
 95 Ohio St., 108, 116 N. E., 37;
 
 City of Cincinnati
 
 v.
 
 Harth,
 
 101 Ohio St., 344, 128 N. E., 263, 13 A. L. R, 308;
 
 State, ex rel. Village of Cuyahoga Heights,
 
 v.
 
 Zangerle, Aud.,
 
 103 Ohio St., 566, 134 N. E., 686;
 
 Ex parte Company,
 
 106 Ohio St., 50, 139 N. E., 204;
 
 Fitzgerald
 
 v.
 
 City of Cleveland, 88
 
 Ohio St., 338, 103 N. E.,. 512, Ann. Cas., 1915B, 106;
 
 State, ex rel. Taylor,
 
 v.
 
 French,
 
 96 Ohio St., 172, 117 N. E., 173, Ann. Cas., 1918C, 896;
 
 McNab
 
 v.
 
 Bd. of Park Commrs. of Metropolitan Park Dist. in Cleveland,
 
 108 Ohio St., 497, 141 N. E., 332;
 
 City of Bucyrus
 
 v.
 
 Department of Health, ante,
 
 426, 166 N. E., 370, this day decided.
 

 The demurrer to the petition will be overruled.
 

 Demurrer to petition overruled.
 

 Marshall, C. J., Ejnkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.