Robinson, J.
 

 This is a proceeding in error from an order of the department of health of the state of
 
 *427
 
 Ohio, issued to the city of Bucyrus, to install works or means satisfactory to the director of health for collecting and disposing of the sewage of the city in a manner to correct and prevent the pollution of the Sandusky .river by such sewage.
 

 All the questions raised in this case were determined by this court in the case of the
 
 State Board of Health
 
 v.
 
 City of Greenville,
 
 86 Ohio St., 1, 98 N. E., 1019, Ann. Cas., 1913D, 52, unless the enactment of Article XVIII of the Constitution of Ohio so changed the relationship of municipalities to the state as to divest the state of its sovereignty over such municipalities in respect to sanitation within and in the vicinity of such municipalities. The case of
 
 State Board of Health
 
 v.
 
 City of Greenville
 
 was decided April 2, 1912. Thereafter, on September 3, 1912, Article XVIII of the Constitution was adopted. That article provides, in part:
 

 “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.” (Section 3.)
 

 The surrender of the sovereignty of the state to the municipalities by that article, was a partial surrender only, and, with reference to sanitary regulations, was expressly limited to such sovereignty as the state itself had not or thereafter has not exercised by the enactment of general laws. "With respect, then, to local sanitary regulations, the municipalities are in no different situation since the adoption of Article XVIII than they were before, except that before the adoption of that article they had such power to adopt local sanitary regulations
 
 *428
 
 as had been conferred upon them by the Legislature of the state, and since the adoption of that article they have such power to adopt local sanitary regulations as has not been taken away from them by the Legislature in the enactment of general laws. Therefore that article, instead of being a limitation upon the power of the Legislature to enact general legislation upon the subject of sanitation, is a reservation of such power to the Legislature. In other words, the grant of power in that respect to the municipality by the Constitution is made subject to the limitation of general laws theretofore or thereafter enacted by the Legislature.
 

 The effect of the constitutional provision granting to municipalities the power to adopt local sanitary regulations is therefore no different than though the power had been conferred by legislative enactment instead of constitutional provision; for if conferred by legislative enactment, the act would be subject at all times to revision or repeal by the Legislature. The constitutional provision, conferring the power with the limitation that the municipal regulation must not be in conflict with general laws, operates to bestow upon the Legislature the same power to control sanitation by general laws that it had prior to the adoption of that article. The power conferred by that article is conditioned upon the Legislature not having enacted general laws with which the local sanitary regulations of the municipality conflict.
 

 It is a matter of concern to the whole state whether a municipality so dispose of its sewage as to breed disease within the municipality, for the municipality is of the public of the state; and it is
 
 *429
 
 equally a matter of concern to the whole state whether a municipality so dispose of its sewage as to breed disease without and in the vicinity of its own territory, and whether, having bred disease in either situation, it disseminate it throughout the state.
 

 The Sandusky river is a natural water course, traversing a considerable portion of the state; and the city of Bucyrus, for however long a period it may have indulged in the practice of polluting that stream, cannot have acquired any prescriptive riparian right so to do by such long continuance as against the police power of the state to enact and enforce such general legislation as may be necessary for the promotion and preservation of the public health. The preservation of the health of the public is within the police power of the sovereignty of the state and, in that respect, extends to that part of the state lying within the municipalities as well as that part lying without — the power of the municipalities in respect to that subject being limited to such additional local sanitary regulations as are not in conflict with state legislation and as may be determined by the municipality to be necessary or wise for the preservation of the health of its own public and to meet its own local situation.
 

 Municipalities, under Article XVIII, have no power to curtail the effect or defeat the enforcement of the sanitary regulations of the state. The state, in the exercise of its police power, the power reserved to it, has adopted Sections 1249, 1250, 1251, 1259, 1259-1, and 1260, General Code, and has provided a health department, and has made it the duty of such health department, upon complaint, to investigate, to serve notice, to hear and determine. The health
 
 *430
 
 department has investigated, served notice, heard, determined, and ordered. To the end that the municipality may not defeat the purpose of the order, the Legislature has provided that any system of sewage disposal adopted by the municipality must be approved by the health department, but has left to the municipality the right to choose the particular system, so long as it meets the approval of the health department, and has made it the mandatory duty of the officials of the municipality to provide an approved system which will prevent the contamination of a natural water course to the detriment of the health of the municipality and the health of the general public.
 

 We adhere to the decision of this court in the case of
 
 State Board of Health
 
 v.
 
 City of Greenville, supra,
 
 and hold that the adoption of Article XVIII of the Constitution in no way impairs or affects the application of the law there announced to the present status of the state, the present status of the state board of health, and the present status of municipalities in respect to sanitation.
 

 It is complained here that the city of Bucyrus was denied a hearing before the health council. We do not approve the manner in which the hearing was conducted. While the technical rules of a hearing by a court are not required to be strictly observed in hearings before administrative bodies, it is the duty of such bodies to permit a full hearing upon all subjects pertinent to the issue, and to base their conclusion upon competent evidence; and such result can better be accomplished by a substantial adherence to the rules observed in hearings in court. In the instant case, the newspaper article was not
 
 *431
 
 competent evidence. The evidence of the witness McDill, and of the witness Lower, was competent. The.reports of the engineers employed by the health department were official in character, authorized by statute, and were competent evidence in such hearing,
 
 Lindsey
 
 v.
 
 Public Utilities Commission,
 
 111 Ohio St., 6, 144 N. E., 729. The city of Bucyrus was entitled to examine and to attempt to impeach such reports and each and every person who assisted in gathering data and compiling such reports. The city of Bucyrus was entitled to present its own witnesses to disprove any of the facts testified to by the witnesses of the complainants, or any of the facts shown in the reports, and was entitled to file such papers in the case as it deemed essential to the preservation of its rights and the preservation of its cause or defense, and was also entitled to make such defense without the filing of an answer. The city, however, while objecting to the introduction of the reports and tendering an answer, which it was entitled to file, but was denied the privilege, contented itself by resting upon the assumption that the reports of the engineers were not competent evidence, and that the other evidence introduced was insufficient to sustain an order, and did not tender any evidence in its own behalf or demand the privilege of cross-examining the investigators and engineers of the health department, and cannot predicate error upon its own failure in that respect.
 

 Order affirmed.
 

 Marshall, C. J., Kinkade, Jones, Matthias, Day and Allen, JJ., concur.