By the Court.
 

 On August 30, 1920, the Board of Health of the city of Wellsville filed with the State Department of Health a complaint that the public water supply of that city was impure and dangerous to the health of the consumers of such supply. The Commissioner of Health of this state conducted an* inquiry and investigation according to law, and on March 24, 1921, made a finding that the public water supply was impure and dangerous to health, and that it was not practicable to sufficiently improve the character of such supply by removing the sources of pollution. After legal notice a hearing was held before the Public Health Council of the State Department of Health, which was attended by official representatives of the city of Wellsville. The Public Health Council approved the aforesaid finding, and found and determined, that improvements and changes in the public water supply were necessary and should be made. On April 18,1921, the Commissioner of Health issued an order to make improvements and changes in the sources of the public water supply so as to provide a sanitary water supply, or, to install and operate, within eighteen months from April 8, 192L a water purification works to filter and
 
 *436
 
 purify the existing water supply. On January 9, 1931, an extension was granted to January 9, 1933, within which to comply with the last named order. Contending that the mayor and council of the city of Wells ville had refused and failed to comply with the order, the State Director of Health brought mandamus in this court to compel compliance. The respondent officials of the city of Wells ville filed an answer, which, in substance, pleads substantial compliance with the order of the then Commissioner of Health. The relator, Director of Health, demurred to the answer.
 

 This court having heretofore held that compliance with the orders of the State Department of Health, issued pursuaiit to Section 1249
 
 et seq.,
 
 General Code, is mandatory
 
 (City of Bucyrus
 
 v.
 
 State Department of Health,
 
 120 Ohio St., 426, 166 N. E., 370;
 
 State, ex rel. Neal, Dir. of Health,
 
 v.
 
 Williams, Mayor,
 
 120 Ohio St., 432, 166 N. E., 377;
 
 State, ex rel. Southard, Dir. of Health,
 
 v.
 
 City of Van Wert,
 
 126 Ohio St., 78, 184 N. E., 12; and
 
 State, ex rel. Southard, Dir. of Health,
 
 v.
 
 City of Columbus,
 
 128 Ohio St., 295, 191 N. E., 5), the allegations of the answer are insufficient to state a defense.
 

 The demurrer to the answer will be sustained, and respondents will be granted thirty days in which to further plead.
 

 Decree accordingly.
 

 Weygandt, C. J., Jones, Matthias, Day, Zimmerman, Williams ánd Myers, JJ., concur.