By the Court.
 

 The relator, in his petition for mandamus filed in this court, pleads the necessary statutory steps precedent to the issuance of an order by him as state Director of Health requiring respondents to make improvements, corrections, and/or changes in the protection, construction, operation and maintenance of the water supply and waterworks system, satisfactory to him, so as to provide the city of Springfield with a water supply and waterworks system adequate to avoid endangering the public health. The order was issued July 12, 1935, and was approved by the Public Health Council on the same date. The Director of Health fixed January 1, 1937, as the date prior to which there should be compliance with the order. The Director of Health prays a writ of mandamus' commanding the respondents to forthwith proceed in accordance with that order.
 

 The respondents in the first defense of their answer admit the proceedings preliminary to promulgating the order, its issuance and that the order is in full
 
 *591
 
 force and. effect, but deny allegations not specifically admitted.
 

 For a second defense respondents plead compliance with the order of the Director of Health, in that they obtained expert advice, secured designs, plans and specifications and made certain changes, alterations and improvements in the water supply system in accordance therewith, and as a result the city has a waterworks system that furnishes an adequate supply of good and pure water sufficient and satisfactory for all the needs and demands of the citizens and institutions of the city, and that notwithstanding such alterations and improvements the Director of Health arbitrarily, unreasonably and without justification has failed and refused to approve the same.
 

 The Director of Health filed a reply to the first and second defenses, denying that the respondents have complied with the order and that the relator has arbitrarily and without justification failed and refused to approve the improvements allegedly made. A demurrer was interposed to the third and fourth defenses on the ground that they are insufficient in law and fail to constitute a defense.
 

 For a third defense thé respondents allege that prior to filing the petition in this court they contracted with a firm of competent hydraulic engineers to make a complete survey and to recommend plans for the improvement, extension or alteration of the waterworks system, and that the engineers are arranging to make such survey, which will be submitted to the respondents, and any recommended plan will be submitted to the Director of Health for approval.
 

 For a fourth defense the respondents plead the amount of taxes required to take care of the mandatory obligations of the city within the 10 mill limitation, and the amount of levy permitted for operating expenses; that until the plan of the engineers has been
 
 *592
 
 finally adopted it will be impossible to determine whether the respondents will be able to carry snch plan into effect, and that if the cost exceeds the snm stated for operating expenses'a vote of the people will be necessary, or if the plan adopted requires a substantial sum for execution and thereby reduces operating revenues the city will be compelled to curtail or discontinue its police, fire, hospital and health departments.
 

 The major and controlling issue raised by the pleadings is whether a writ of mandamus should be awarded to compel compliance with the order above set forth, the respondents contending that the acts pleaded by them constituted compliance, and if not compliance it is argued that the order is too indefinite to authorize the issuance of the extraordinary writ.
 

 Section 1252-5, General Code, grants authority to fix the time of compliance. As stated, the order involved in this proceeding was lawfully issued July 12, 1935, and January 1, 1937, was fixed as the date for compliance. If respondents believed the order was indefinite or the time for compliance not sufficient, Sections 1258-2 and 1258-5, General Code, permitted an appeal to this court within 30 days after the service of the order upon the municipal officers. Not having availed themselves of that procedure, the defense of indefiniteness or insufficiency of time comes too late.
 

 This court is of opinion that facts alleged in the third and fourth defenses of the answer do not constitute a sufficient compliance considering the lapse of time since the order was issued.
 

 The demurrer to the third and fourth defenses of the answer will be sustained on authority of
 
 State, ex rel. Neal, Dir. of Health,
 
 v.
 
 Williams, Mayor,
 
 120 Ohio St., 432, 166 N. E., 377;
 
 State, ex rel. Southard, Dir. of Health,
 
 v.
 
 City of Van Wert,
 
 126 Ohio St., 78, 184
 
 *593
 
 N. E., 12, and
 
 State, ex rel. Hartung, Dir. of Health,
 
 v.
 
 City of Wellsville, ante,
 
 435.
 

 Demurrer sustained.
 

 Weygandt, C. J., Jones, Matthias, Day, Williams and Myers, JJ., concur.
 

 Zimmerman, J., not participating.