The plaintiff's complaint will be dismissed and judgment awarded to the defendant.

The court considers that this opinion contains a sufficient findings of fact and conclusions of law to comply with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Counsel for defendant will prepare and submit a proper order of judgment.·

**WEADE, Plaintiff, v. WASHINGTON (City), Defendant.**

Common Pleas Court, Fayette County.

No. 21718. Decided July 15, 1955.

Richard P. Rankin, Washington C. H., for plaintiff.
William M. Junk, Washington C. H., for defendant.

### DECISION ON PLAINTIFF'S DEMURRER TO SECOND PARAGRAPH OF DEFENDANT'S SECOND AMENDED ANSWER.

### OPINION

By CASE, J.

This cause comes before the court upon Plaintiff's demurrer to the second paragraph of Defendant's second amended answer.

Since it is a fundamental and established rule of law that such a demurrer searches the record (31 O. Jur., Pleading, Secs. 202 and · 203, at pages 781 through 785), the court deems it suitable to quote from said pleadings as hereinafter set forth.

Plaintiff's petition reads as follows:

"Plaintiff is an individual; defendant is a municipal corporation organized and existing under the laws of the State of Ohio.

"Plaintiff is now and has been for more than four years last past the owner in fee simple as tenant in common and has resided upon the following described real estate situated in the State of Ohio, County of Fayette and Townships of Union and Wayne, consisting of several tracts aggregating 229 acres of land, more or less. Said premises are located about six miles south of the City of Washington and include and abut upon the waters of Paint Creek, which is a natural water course flowing in a general northerly and southerly direction through Fayette County, Ohio.

"Defendant is now and for more than four years has been polluting said Paint Creek by causing raw or partially treated sewage, consisting of filth, excrement, waste, refuse and unwholesome matter to be emptied into said Creek at a point or points north of plaintiff's property. By reason of the pollution of said creek by defendant, offensive smells, odors, stenches, poisonous and obnoxious gases and fumes have been and now are being emitted by said Paint Creek. Said fumes, gases, smells, stenches and odors permeate the atmosphere within a radius of more than one mile on occasion, and as a result thereof the atmosphere in, around and over plaintiff's property is heavily charged and impregnated with said fumes, gas, smells, stenches and odors. Said

fumes, gases, stenches and odors are obnoxious, poisonous and injurious to health and property and are unbearable to human beings.

"As a result of being subjected to said fumes, gases, stenches and vile and disagreeable odors, plaintiff and his family have been denied the comfort and enjoyment of their home; have suffered sore throats, headaches and colds; have been made sick and nauseated at meal times and their sleep and rest has been greatly disturbed thereby. The pollution in said creek has resulted in the breeding of untold numbers of mosquitos, flies and other insects, causing more pain, discomfort and annoyance to plaintiff and his family.

"Plaintiff says that by reason of said filth, excrement, waste, refuse and decayed matter, the water in said stream has been made poisonous and injurious to livestock consuming said water and plaintiff's said farming operations have thereby been made less profitable than they would have been were it not for defendant's wrongful acts.

"Plaintiff further says that in times of high water said filth, excrement, decayed matter, waste and refuse is carried onto his lands, thereby poisoning the same and killing and destroying the grass and other vegetation and forcing plaintiff to spend much time, money and effort in restoring the chemical balance of the soil and said vegetation. Plaintiff further says that, at various times, all marine life in said stream is killed by said pollution, and dead, decaying fish are deposited along the channel thereof and upon plaintiff's property, to his damage.

"Plaintiff says that by reason of said pollution and all the resultant conditions alleged herein, the market value of plaintiff's land has been greatly reduced and depreciated.

"By reason of the foregoing, plaintiff has been damaged in the sum of Five Thousand Dollars ($5,000.00).

"Wherefore, plaintiff asks judgment against said defendant for Five Thousand Dollars ($5,000.00), his costs herein expended, and for all other and further relief to which he is entitled."

The Defendant's Second Amended Answer to the foregoing petition reads as follows:

"Now comes the defendant, The City of Washington, and for its second amended answer to the petition of the plaintiff says:

"1. Defendant admits the allegations contained in the first paragraph thereof; further answering, defendant denies each and every allegation in the petition of the plaintiff not hereinbefore admitted to be true.

"2. Further answering, the defendant says that if the plaintiff has received any damage because of discharge of waste into said Paint Creek, which defendant denies, plaintiff is barred in bringing this action as defendant has a prescriptive right and estate in the use of Paint Creek since a system of sewers was established and constructed in said City of Washington, which said system has always emptied into the waters of Paint Creek, for a period of more than twenty-one years, next preceding the bringing of this action.

"3. Further answering, defendant says even if it does not have a prescriptive right to the use of the waters of Paint Creek, as set out above, which it contends it does have, that in such event this plaintiff could only recover for any possible damages resulting within the next

four years preceding the bringing of this action, under authority of §2305.09 R. C.

"Wherefore, defendant prays that the petition of the plaintiff be dismissed and for its costs."

It is noted that the foregoing petition and second amended answer were verified and sworn to positively.

On June 28, 1955, the following demurrer was filed on behalf of Plaintiff:

"Now comes the plaintiff and demurs to the Second paragraph of defendant's Second Amended Answer for the reason that the same constitutes no defense to plaintiff's petition."

In searching the record, the court has examined Plaintiff's petition to see and determine if it is sufficient and has not found therein any defect in point of substance. Upon due consideration of all the allegations contained therein, it appears that Plaintiff's petition alleges all of the operative and ultimate facts essential to sufficiently state and constitute the formal grounds and issues of the actionable causes therein set forth. Therefore the court must conclude that said demurrer should not be sustained as to Plaintiff's petition and must further proceed to examine Defendant's answer to determine its sufficiency in law to constitute a defense to the causes of action set forth in the petition.

As admitted by the respective memoranda in support of and contra said demurrer, it is undisputed that Plaintiff's demurrer is specially directed to the second paragraph of Defendant's second amended answer, and that said demurrer directly attacks the defense therein set forth.

At this point, in its consideration of the issues of law raised by Plaintiff's demurrer, the court should apply those rules of law cited and referred to in Ohio Jurisprudence as follows:

"In accord with the general principle, a demurrer to an answer admits, for the purposes of the demurrer, the truth of all the allegations contained therein that are well pleaded, and the court must assume the facts to be stated in the answer; and demurrer to the answer does not, however, admit the correctness of mere conclusions drawn from the facts." (31 O. Jur., Pleading, §201, at p. 780.)

Defendant's answer repeatedly and consistently denies that Defendant has been polluting Paint Creek as alleged and set forth in Plaintiff's petition. The second numbered paragraph of Defendant's answer does not admit that Defendant has been polluting Paint Creek for more than twenty-one years, nor does it admit that Defendant has been polluting Paint Creek for more than four years as alleged in Plaintiff's petition. Said second numbered paragraph simply admits that "a system of sewers was established and constructed in said City of Washington, which said system has always emptied into the waters of Paint Creek, for a period of more than twenty-one years, next preceding the bringing of this action."

The first sentence in the second literary paragraph of Defendant's memorandum contra said demurrer reads as follows:

"The demurrer filed herein raises only one question; namely, does

the second paragraph of defendant's second amended answer constitute a defense to plaintiff's petition?"

To this concise statement of the ultimate issue raised by demurrer the court must and does subscribe.

In the 3rd, 4th, 5th and 6th literary paragraphs of its memorandum, the Defendant argues and contends:

"Certainly the plaintiff has removed much of the burden of this memorandum in making certain admissions. On the second page of the memorandum plaintiff, in the third paragraph, states as follows: 'Granting, as we must, then, that a prescriptive right of this nature can be obtained.' Thus, the plaintiff admits that a prescriptive right may constitute a defense to plaintiff's action herein. Thus we are limited to the narrow question as to whether or not defendant has in its answer properly pleaded prescriptive right through adverse possession. Plaintiff maintains in his memorandum that in order for defendant to properly plead prescriptive right through adverse possession it is necessary that defendant allege in his answer certain elements set forth by plaintiff as follows:

1. Adverse use (plaintiff admits this has taken place).
2. Knowledge, or acquiescence (plaintiff admits this element).
3. Extent.
4. Duration.

"The defendant contends that all of the elements above set forth are matters of proof to be submitted at the time of the hearing of the case and are not necessary elements to pleading.

"Let us consider certain of these elements which plaintiff alleges defendant must set out in its answer in order to have a good defense of prescriptive right by adverse use. At the top of page three of plaintiff's memorandum it is stated that defendant must allege some pollution to have adverse use. Defendant denies that plaintiff's waters were polluted by it and plaintiff in order to sustain his case must prove pollution. Certainly the defendant will not allege that pollution existed nor is such an allegation necessary to its pleading. Defendant is merely saying that if plaintiff claims waste deposited in Paint Creek by the City's sewage system constitutes pollution of plaintiff's waters, then plaintiff can not be heard to complain because this waste has been continually deposited in said Creek by said City for a period of more than twenty-one years preceding the bringing of this action. In short the burden is on plaintiff to prove that this waste pollutes plaintiff's waters at the place he alleges in his petition and the City is saying that it has a prescriptive right to deposit this waste because it has been doing so for more than twenty-one years.

"Plaintiff goes so far as to contend that defendant must in its answer allege adverse use has been constant throughout the twenty-one year period. Again the defendant contends that the question is not properly before the Court at this time. The elements of a prescriptive right through adverse use will certainly have to be determined by the Trial Court at some time during the course of the trial so that a proper charge may be made to the jury. But certainly that question would be pre-maturely considered at this time."

These arguments and contentions of the Defendant do not appear to be consistent with or supported by the statutory and case law of Ohio; and this court can only subscribe to that portion thereof which contends that the within demurrer raises the question "as to whether or not defendant has in its answer properly pleaded prescriptive right through adverse possession" or adverse use.

In 1 O. Jur. 2d, Adverse Possession, Sec. 52, at p. 739, it is stated in part as follows:

"It is essential, to create a title by adverse possession, that the possession be uninterupted and continuous. If the continuity is broken, the time of the running of the statute must be computed from the last interruption.

"It is also essential to the acquisition of an easement by prescription that the adverse use be continuous without substantial interruption. * * *"

In 1 O. Jur. 2d, Adverse Possession, Sec. 13, at pages 698, 700, it is stated in part as follows:

"While the statutes of Ohio do not define 'adverse possession' certain special statutes do provide for the barring of claims as to particular types of property under specifically stated conditions. * * *

"It is left to the courts to determine the elements necessary to establish the adverse possession which will give rise to a new title. Actually, there are only three elements necessary. These are (1) possession by the claimant which is (2) adverse to the record owner and (3) continued for the statutory period. In other words, it is only necessary that there arise a cause of action for the recovery of real property and that this cause of action exist for such a period of time as to be barred by the statute of limitations. * * *

"It is common for a court to state that, certain specified elements having been established, a case of adverse possession has been made out. It is not so common for a court to specifically state the ·elements necessary to establish adverse possession; and where the courts have done this the designated elements, at least in terms, have not always been the same although there is basic agreement in all such formulae. Thus, it is variously said that, in order to acquire title by adverse possession for twenty-one years or over, there must be possession which is open, notorious, adverse, continuous, and hostile; possession which is actual, continuous, open, notorious, and hostile; possession which is actual, open, exclusive, continuous, and adverse; possession which is actual, open and notorious, hostile and under claim of right, continuous and exclusive; and, finally, that in the absence of color of title, a person claiming title by adverse possession must show open, notorious, exclusive, continuous, and adverse possession.

"The acquisition of title by adverse possession is dependent upon a hostile claim of exclusive ownership and not upon the absence of protest to such a claim."

And, in Sec. 14 thereof, at pages 700-702, it is stated in part as follows:

"As in the case of adverse possession, the courts often may state that a given aggregation of elements establish a right by prescription, but less often state in combination the elements essential to establish such a right, and when they do the formula is not always the same.

"Other statements made by the courts are that, in order to establish an easement by prescription, it is necessary that there exist for the period established by the statute, or twenty-one years, open, notorious, continuous, and adverse use; use uninterrupted, adverse, and under a claim of right; use uninterrupted, adverse, and with knowledge and acquiescence of the owner of the land; and, finally, use which is adverse, under a claim of right, exclusive, continuous, and uninterrupted, besides being within the knowledge and with the acquiescence of the owner of the estate over which the easement is claimed.

"**The elements of a prescriptive right do not clearly differ from the elements of title by adverse possession.** Adverse possession has been held to differ from prescription in that in order to acquire rights by adverse possession such possession must be exclusive while this is not an element of prescription. * * *

"However, there are other areas of suggested differences between adverse possession and prescription; at least there are areas in which there is a difference in emphasis. **These are the necessity for a claim of right on the part of the adverse user, knowledge and acquiescence on the part of the owner of the land, change in the mode of user, and the matter of what constitutes continuous use and an interruption of use. While adverse possession need not be specially pleaded, it appears that the contrary is true as to prescription.**" (Emphasis added by the Court.)

In Sec. 52 thereof, at p. 739, it is stated in part as follows:

"It is essential, to create a title by adverse possession, that the possession be uninterrupted and continuous. If the continuity is broken, the time of the running of the statute must be computed from the last interruption.

"It is also essential to the acquisition of an easement by prescription that the adverse use be continuous without substantial interruption. * * *"

And, in Sec. 53 thereof, at p. 740, it is further stated as follows:

"It is essential to acquisition of an easement by prescription that the use to which the servient estate is put be substantially the same for the prescriptive period. A substantial change in the manner of use of a stream by a city for disposal of sewage during the prescriptive period will prevent the acquisition of a prescriptive right. If pollution of a stream has gradually increased and is worse at the end of the period than when it commences, then no prescriptive right is established."

In the light of the foregoing authorities cited and referred to, and in its further consideration of whether the second numbered pargraph of Defendant's amended answer is deficient in point of substance, this court is persuaded by and subscribes to the reasoning of the Court of Appeals for Gallia County in the case of **Shelton v. Mosier 19 Oh Ap 89,** at pages 91, 92 and 93 thereof, wherein it is stated in part as follows:

"There have been two views expressed as to the nature and extent of the right to dam a stream, acquired by prescription. These divergent views are set forth in the note to Whitehair v. Brown, 18 Ann. Cas., 217. The one view is that the right of the dam owner is fixed by the height of the dam and the way it is used by him. The other, and the better, view is that his rights are measured by the effect of the dam and its

operation on the rights of others. That is to say, a man requires no prescription to secure his right to build a dam or other structure on his own land; what he requires is the right to overflow another's land Accordingly, the maintenance and operation of a dam on one's land is not strengthened by the fact that it has been so used and maintained for twenty-one years. If, however, the dam has been for that period causing a neighbor's land to overflow he has by that prescription obtained another right, that is, the right to overflow that neighbor's land. The plaintiffs were accordingly right in asserting that the second defense was insufficient, in that to establish the prescriptive right defendants ought not only to have pleaded that the dam had been maintained and operated for twenty-one years substantially as it was operated in 1923, but that for all that period the effects of its maintenance and the operation on the lands of the plaintiffs had been the same.

"While the instructions to the jury were correct, the answer was clearly insufficient, for it did not allege that plaintiff's property had been overflowed for the prescribed period to substantially the same degree. The plaintiffs did not demur to the amended answer, but saved their rights by objecting to the reception of any evidence thereunder. This method of raising the question of the sufficiency of a pleading does not commend itself to us, but that it is, nevertheless, an effective method is well established. Some grounds of demurrer are waived by a failure to demur, but where the jurisdiction of the court or the legal sufficiency of a pleading is in doubt the question may be raised on the admission of testimony.

"Judge Phillips, in his Code Pleading, Section 304, puts it thus:

"'If a pleading does not state a cause of action or a defense, there is no right or defense to be maintained by the proof; and proof without allegation does not avail. It follows, therefore, that where a pleading is insufficient in substance the opposing party may, without demurring, generally avail himself of such insufficiency. He may do this in various ways, such as by objecting to the introduction of evidence at the trial, by motion in arrest of judgment, by motion for judgment **non obstante veredicto** or by writ of error.'

"We accordingly arrive at the conclusion that the court erred in admitting testimony in support of the answer quoted."

Those allegations which appear to be well pleaded and set forth in said second numbered paragraph of Defendant's second amended answer merely allege that "a system of sewers was established and constructed in said City of Washington, which said system has always emptied into the waters of Paint Creek, for a period of more than twenty-one years, next preceding the bringing of this action."

Plaintiff's demurrer admits those allegations, but, in admitting such construction and emptying of said system of sewers, the Plaintiff's demurrer does not admit the correctness of mere conclusions of prescriptive rights drawn by Defendant from the assertions that said system of sewers had been constructed and emptying into Paint Creek for more than twenty-one years next preceding the bringing of this action (31 O. Jur., Pleading, Sec. 201, at page 780).

And it is clear that said allegations with respect to the construction

and emptying of said sewers for a period of twenty-one years do not allege that Defendant's operation of said sewers has had substantially the same effect upon Plaintiff's land for a period of more than twenty-one years next preceding the bringing of this action (1 O. Jur. 2d, Adverse Possession, Sec. 53, at p. 740).

In substance and effect, Plaintiff's demurrer contends that, in order to sufficiently plead the prescriptive rights alleged in the conclusions drawn and set forth in said second paragraph of Defendant's answer, the Defendant ought not only to have pleaded that its system of sewers had been constucted and emptying into Paint Creek for more than twenty-one years substantially as it was operated at the time this suit was commenced, but that for all that period the effects of its maintenance and operation thereof on the lands of the Plaintiff had been the same (Shelton v. Mosier, 19 Oh Ap 89, at p. 91).

In the light of all the authorities hereinabove cited and discussed, it appears that the allegations contained in said second paragraph of Defendant's second amended answer are insufficient to properly plead the defense of prescriptive right through adverse use; and therefore the court must conclude that Plaintiff's demurrer thereto is well made and should be sustained.

Upon further consideration of Plaintiff's demurrer to Defendant's attempted defense of prescriptive right through adverse use, the court has considered the reasoning and judgment of the Court of Appeals for Lorain County in the case of Vian v. Sheffield Bldg. & Dev. Co., 85 Oh Ap 191, 40 OO 144, decided June 14, 1948. The headnotes thereof read as follows:

"1. One may not obtain by prescription, or otherwise than by purchase, a right to cast sewage upon the lands of another without his consent.

"2. The discharge of effluent, from a disposal system, into a public watercourse, from which, through natural and artificial means, it finds its way onto the lands of another, and the permitting of overflow from a sewage wet well to drain onto the lands of another, may be enjoined."

Beginning at page 198, that court stated in part as follows:

"The law of Ohio, however, seems to be clear to the effect that one may not obtain by prescription, or otherwise than by purchase, a right to cast sewage upon the lands of another without his consent. City of Bucyrus v. State Department of Health, 120 Oh St 426, 166 N. E., 370; State, ex Neal, Dir., v. Williams, Mayor, 120 Oh St 432, 166 N. E., 377; Kasch v. City of Akron, 100 Oh St 229, 126 N. E., 61; City of Mansfield v. Balliett, 65 Oh St 451, 63 N. E., 86, 58 L. R. A., 628.

"And this would be true even though it were attempted to be done by the village under appropriate legislation."

Upon applying those principles of law pronounced and set forth in Vian v. Sheffield Bldg. & Dev. Co., supra, to the allegations contained in said second paragraph of Defendant's second amended answer, it appears that Defendant is seeking to interpose the defense of prescriptive right through adverse use; and that Defendant's allegations therein set forth not only are insufficient to properly plead the defense of prescriptive right through adverse use but, even though the same were suffi-

cient in such respect, that said Defendant can not under the law of Ohio obtain such a prescriptive right by adverse use. In other words, the court finds that the defense of prescriptive right by adverse use is not available to the City of Washington under the facts alleged in Plaintiff's petition and the statutory and case law of Ohio applicable thereto; and that Plaintiff's demurrer to said second paragraph of Defendant's second amended answer is well made and should be sustained.

Therefore, for all of the reasons hereinabove set forth and discussed, the court finds:

1. That Plaintiff's petition alleges all of the operative and ultimate facts essential to sufficiently state and constitute the formal grounds and issues of the actionable causes therein set forth;

2. That the allegations contained in the second paragraph of Defendant's second amended answer are insufficient to properly plead the defense of prescriptive right through adverse use;

3. That, under the statutory and case law of Ohio, the defense of prescriptive right by adverse use is not available to the City of Washington as a defense to the actionable causes alleged and set forth in Plaintiff's petition; and

4. That Plaintiff's demurrer to said second paragraph of Defendant's second amended answer is well made and should be sustained.

Counsel for Plaintiff may prepare an entry accordingly which will include therein appropriate exceptions on behalf of Defendant to the aforesaid findings, decision and entry, and thereupon submit the same to Counsel for Defendant and to this court for approval within five (5) days from the date of this decision.

No. 21718. Decided September 27, 1955.

304

Richard P. Rankin, Washington C. H., for plaintiff.
William M. Junk, and W. S. Paxson, Washington C. H., for defendant.

**DECISION ON DEMURRER TO THIRD AMENDED ANSWER.**

**OPINION**

By CASE, J.

On July 15, 1955, this court rendered its decision sustaining Plaintiff's demurrer to the second paragraph of Defendant's second amended answer, and subsequent thereto an appropriate entry in conformity therewith was made and entered in this cause.

On August 20, 1955, Defendant filed its third amended answer herein which was identical in every respect except those allegations contained and set forth in the second paragraph thereof which read as follows:

"2. Further answering, defendant says that Paint Creek is and has been for over 100 years a natural water course flowing through Fayette County and the City of Washington, in its present course; that the City of Washington and abutting property owners openly, continuously and adversely under claim of right and with the acquiescence of the plaintiff and his predecessors in title have used said creek for disposal of water from rain fall and sewage since about 1890 until 1934 when the defendant constructed a sewage disposal plant and thereby decreased the amount of untreated sewage discharged into said creek by the defendant; that in 1949 the defendant constructed a secondary treatment plant and thereby further decreased the amount of untreated sewage discharged into said creek by the defendant; that the defendant has used said creek openly continuously and adversely under claim of right and with the acquiescence of the plaintiff and his predecessors in title for disposal of its surface waters and its sewage as aforesaid for more

than 21 years before the filing of plaintiff's petition herein and has thereby acquired a prescriptive right to use said creek for such purpose."

In defendant's memorandum contra plaintiff's demurrer to said second paragraph of defendant's third amended petition, defendant sets forth the following argument and contentions:

"The only authority relied upon by counsel for plaintiff in support of the demurrer to the second defense in defendant's third amended answer is this Court's former decision in this case.

"Frankly, counsel for defendant feel that the Court was correct in his conclusion on the allegations in the second defense **then** before the Court. In drafting the second defense **now** to be considered we endeavored to plead in proper form the defense of prescriptive right. The authorities hereinafter cited show that a prescriptive right such as is claimed here is recognized by the Ohio courts. The allegations now made meet the requirements made by such decisions.

"We contend that the statements made by this Court at page 10 and in conclusion 3 at page 11, which were based on **Vian v. Sheffield Building and Development Company, 85 Oh Ap 191, 40 O. O. 144.** are erroneous and not the law of Ohio:

"First, the question of prescriptive right was not involved in the Vian v. Sheffield case. Therefore, the Court's comments on that subject were entirely obiter dicta and not necessary to the decision of the case.

"Second, the authorities cite by the Court for the proposition that 'one may not obtain by prescription, or otherwise than by purchase, a right to cast sewage upon the lands of another without his consent' do not sustain such a principle. The question of prescriptive right was not involved in a single one of those decisions.

"Third, the defendant does not claim a right to 'cast sewage upon the lands of another.' It claims the right to use Paint Creek as it has been used for more than twenty-one years, by virtue of the prescriptive right established by long use. This right is recognized and established by the Courts of Ohio.

"The plaintiff in effect by his demurrer is saying that under the laws of Ohio, and under the facts as set forth in the second paragraph of defendant's third amended answer, the City of Washington cannot acquire a prescriptive right in Paint Creek by adverse usage as set out in said second paragraph. The defendant says that plaintiff is mistaken in the contention that the law of Ohio does not recognize that a prescriptive right may exist by said adverse usage. Several cases in Ohio have recognized that a prescriptive right may so attach. In 1900 in the case of City of Mansfield v. William T. Hunt Vol. 19, Ohio Circuit Court Reports page 488, the Court says at page 494 of that opinion; 'But the wrong complained of is a continuing nuisance or trespass, until such continued nuisance or trespass by adverse use ripens into a presumptive right and estate in the wrong-doer, the injured party may bring his action.' Thus the Court is recognizing that a prescriptive right could have been obtained if there had been a continuing nuisance or trespass for a period of 21 years or longer.

"The Court recognized that prescriptive right could attach by ad-

verse use for more than 21 years in the case of the **City of Cleveland v. The Standard Bag and Paper Company, 72 Oh St 324.**

"In 1906 in the case of City of Norwalk v. Francis Blatz, 9 Ohio Circuit Reports New Series, page 417 it was stated in the second paragraph of the syllabus as follows: 'Recovery from a city cannot be had by a land owner for damages caused by the flooding of his land by sewers constructed by the City, when such right has been enjoyed by the City for the prescriptive period, and the damages are the natural consequences of the exercise of such rights by the city.'

"As late as 1937 the Court of Appeals of this district certainly tacitly recognized that a city could acquire a prescriptive right to empty sewage into a stream by holding that the charge of the trial court in the case of **Estey v. Greenville, 25 Abs 645** was a correct charge. The charge of the lower court had been as follows: 'The burden was upon the defendant to prove that the city had used the creek for disposition of its sewage for more than 21 years and that if so proven the plaintiff would not be entitled to recover * * *'

"Counsel for the defendant contend that the above cases are still the law of Ohio and that a City may acquire a prescriptive right to empty sewage into a stream. Leading legal editors recognize this doctrine of law. **(1 O. Jur. 2d, 740 par. 53)** Shepard's Ohio Citations list the above cited cases as never having been modified or reversed.

"For the above reasons counsel for the defendant contend that plaintiff's demurrer should be overruled."

Therefore, it appears that defendant's memorandum contra said demurrer tacitly concedes that the demurrer searches the record, that said demurrer should not be sustained as to plaintiff's petition, and that said demurrer is specially directed to defendant's second defense in its third amended answer and directly attacks the sufficiency of said second defense as alleged therein.

While it is true that defendant's memorandum contends that in "drafting the second defense now to be considered we endeavored to plead in proper form the defense of prescriptive right"; it appears to be equally true that the allegations set forth in said second defense now before this court are no more detailed with respect to the effects of defendant's maintenance and operation of its sewers and sewage disposal plants on plaintiff's lands than were the allegations contained in the aforesaid second defense set forth in its second amended petition.

Whereas in the first instance defendant then alleged that "a system of sewers was established and constructed in said City of Washington, which said system has always emptied into the waters of Paint Creek, for a period of more than twenty-one years, next preceding the bringing of this action"; said defendant now alleges "that the City of Washington * * * openly, continuously and adversely under claim of right and with the acquiescence of the plaintiff and his predecessors in title * * * used said creek for disposal of water from rain fall and sewage since about 1890 until 1934, when the defendant constructed a sewage disposal plant and thereby decreased the amount of untreated sewage discharged into said creek by defendant; that in 1949 the defendant constructed a secondary treatment plant and thereby further decreased the amount

of untreated sewage discharged into said creek by defendant; that the defendant has used said creek openly, continuously and adversely under claim of right and with the acquiescence of the plaintiff and his predecessors in title for disposal of its surface waters and its sewage as aforesaid for more than 21 years before the filing of plaintiff's petition herein and has thereby acquired a prescriptive right to use said creek for such purpose."

It is clearly apparent that the detailed distinctions and differences, between the respective allegations set forth in said second defense as of then and now, should be classified as distinctions without differences. For in each instance said demurrer must and does admit that the City of Washington has been discharging water from rain fall and untreated sewage into Paint Creek for a period in excess of 21 years. But said second defense did not then nor does it now allege that said City of Washington had been polluting said Paint Creek, in the manner and extent complained of by plaintiff's petition, "openly, continuously and adversely under claim of right and with the acquiescence of the plaintiff and his predecessors in title * * * for more than 21 years before the filing of plaintiff's petition herein and has thereby acquired a prescriptive right to use said creek for such purpose."

Obviously, defendant's discharge of water from rain-fall and untreated sewage into Paint Creek, for 21 years before the filing of plaintiff's petition herein on December 5, 1953, might well have been accomplished and carried out without the polluting effect alleged to have existed for a period of 4 years immediately prior to the commencement of this action and as complained of in plaintiff's petition.

Defendant must concede that, if the evidence to be adduced by plaintiff at the trial of this case fails to show the pollution complained of, then there can be no liability on the part of the City of Washington. In other words, if there has been no pollution as claimed by plaintiff then there can be no recovery or relief as sought by plaintiff's petition.

On the other hand, if the City of Washington desires to interpose the defense of prescriptive right to so pollute Paint Creek, as complained of in plaintiff's petition, then the defendant must clearly allege ·that such pollution has been substantially the same over a period of 21 years immediately before this action was commenced by the plaintiff. For it is a well established rule of law that it is essential to the acquisition of an easement by prescription that the use to which the servient estate is put be substantially the same for the prescriptive period. And it must therefore follow that a defense, a prescriptive right to pollute a stream, must allege and set forth that such pollution was substantially the same throughout the 21 year period immediately prior to the commencement of the action in which such defense is interposed.

Since defendant's second defense does not allege that it has polluted Paint Creek in the manner and extent complained of in plaintiff's petition, then it is indisputably clear that defendant's second defense completely fails to state a proper and sufficient defense of prescriptive right to those acts of pollution complained of in plaintiff's petition.

Therefore, it is clear that the City of Washington has failed to allege those facts which are necessary and required to state and set forth the defense of prescriptive right to do the specific acts complained

of in plaintiff's petition; and that such allegations of prescriptive right as now appear in defendant's second defense are mere conclusions which are not supported by proper and adequate allegations of pollution over the statutory period as required by law.

It is a well established rule of law that plaintiff's demurrer herein does not admit such mere conclusions so drawn by the defendant in its second defense. (31 O. Jur., Pleading, Sec. 201, at page 780.)

For all of the reasons hereinabove set forth and discussed, the Court is compelled to conclude that the allegations contained in said second paragraph of defendant's third amended answer are insufficient to properly plead the defense of prescriptive right through adverse use, and that plaintiff's demurrer thereto is well made and should be sustained.

Upon further consideration of plaintiff's demurrer to defendant's attempted defense of prescriptive right through adverse use, the Court has again considered the reasoning and judgment of the Court of Appeals for Lorain County in the case of Vian v. Sheffield Bldg. & Dev. Co., 85 Oh Ap 191, 40 O O 144, decided June 14, 1948, wherein the headnotes thereto read as follows:

"1. One may not obtain by prescription, or otherwise than by purchase, a right to cast sewage upon the lands of another without his consent.

"2. The discharge of effluent, from a disposal system, into a public watercourse, from which, through natural and artificial means, it finds its way onto the lands of another, may be enjoined."

And, beginning at page 198, that court stated in part as follows:

"The law of Ohio, however, seems to be clear to the effect that one may not obtain by prescription, or otherwise than by purchase, a right to cast sewage upon the lands of another without his consent. City of Bucyrus v. State Department of Health, 120 Oh St 426, 166 N. E., 370; State, ex rel. Neal, Dir., v. Williams, Mayor, 120 Oh St 432, 166 N. E., 377; Kasch v. City of Akron, 100 Oh St 229, 126 N. E., 61; City of Mansfield v. Balliett, 65 Oh St 451, 63 N. E., 86, 58 L. R. A., 628.

"And this would be true even though it were attempted to be done by the village under appropriate legislation."

Upon applying those principles of law pronounced and set forth in Vian v. Sheffield Bldg. & Dev. Co., supra, to the allegations contained in said second paragraph of defendant's third amended answer, it appears that defendant is seeking to interpose the defense of prescriptive right through adverse use; and that defendant's allegations therein set forth not only are insufficient to properly plead the defense of prescriptive right through adverse use but, even though the same were sufficient in such respect, that said defendant can not under the law of Ohio obtain such a prescriptive right by adverse use. Therefore, the Court again finds that the defense of prescriptive right by adverse use is not available to the City of Washington under the facts alleged in plaintiff's petition and the statutory and case law of Ohio applicable thereto; and that plaintiff's demurrer to said second paragraph of defendant's third amended answer is well made and should be sustained.

For all of the reasons hereinabove set forth and discussed, the Court finds:

1. That plaintiff's petition alleges all of the operative and ultimate facts essential to sufficiently state and constitute the formal grounds and issues of the actionable causes therein set forth.

2. That the allegations contained in the second paragraph of defendant's third amended answer are insufficient to properly plead the defense of prescriptive right through adverse use;

3. That, under the statutory and case law of Ohio, the defense of prescriptive right by adverse use is not available to the City of Washington as a defense to the actionable causes alleged and set forth in plaintiff's petition; and

4. That plaintiff's demurrer to said second paragraph of defendant's third amended answer is well made and should be sustained.

Counsel for plaintiff may prepare an entry accordingly which will include therein appropriate exceptions on behalf of defendant to the aforesaid findings, decision and entry, and thereupon submit same to counsel for defendant and to this Court for approval within five (5) days from the date of this decision.