**AUBELE et, Appellants, v. A. B. GALETOVICH, INC., et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24977. Decided March 16, 1960.

Harold H. Kahn, Armond D. Arnson, for appellants.
Steven W. Kormendy, for appellees, A. B. Galetovich, Inc., et al.
Earl T. Longley, for appellee, Village of Seven Hills.

(HUNSICKER, PJ, of the Ninth District, McLAUGHLIN, J, of the Fifth District, GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law and fact. The case is therefore heard in this court de novo.

On March 31, 1958, Garthe Aubele and several of his neighbors, residents of the village of Seven Hills, Cuyahoga County, Ohio, filed an action in the Common Pleas Court of Cuyahoga County against A. B. Galetovich, Inc., Allen Gale Construction Corp., and Evelyn Galetovich, as developers of an allotment abutting Justo Lane in Seven Hills village, three of the residents along that street, and the village of Seven Hills.

The petition asks that the parties defendant be enjoined from casting surface waters and effluent from septic tanks into a watercourse which passes through the property of the plaintiffs. The petition also asks that the village be enjoined from granting any further building permits to the developers, and that the village "declare to be null and void those permits already issued for the construction of dwellings on the tract of land described in the petition."

The answers of the defendants admit that a housing development along Justo Lane is being made. The answers also say that houses in this development, as in all other houses of the village, have septic tanks which discharge therefrom an effluent. The answers deny that surface water has been diverted or increased in the natural watercourse which drains the developed area; and further deny that such surface waters cause serious erosion on the lands of the plaintiffs, or that the effluent is a cause of any injury to the premises.

As in most cases of this type, there is a great conflict in the evidence, and the claims of the parties cannot easily be reconciled. There are, however, certain facts that cannot be disputed; among which are that there is a combination sanitary and storm sewer along Justo Lane, which crosses certain lands over which an easement has been obtained, and which sewer then empties into the small watercourse that crosses the lands of the plaintiffs. This watercourse is the natural

drainage point for nearly all of the watershed area covered by the housing development.

A few acres now drained by the Justo Lane sewer lie outside of the natural area, and a few acres which ordinarily would drain into this sewer have been, by reason of the development, moved out of this drainage area. The amount, in either case, does not seem to have imposed an unreasonable burden upon the properties herein.

The septic tanks of the 16 houses now found in the proposed 62-house development, and all of the septic tanks that will be constructed in the future along Justo Lane, will connect by lateral sewers to the main or combination sewer that eventually empties into the watercourse which traverses the lands of the plaintiffs (appellants in this court).

The expert witnesses who testified on the subject of contaminated and polluted water, although not agreeing as to the degree of pollution, or as to whether the water in the creek could be used for swimming, fishing or for drinking purposes, did say that, when examined by them, it emitted no offensive odor and did not contain foreign matter, bacteria or e-coli in greater amount than in many other such streams.

Much of the argument advanced by the defendants (appellees in this court) seeks to justify all acts of the parties: first, upon the fact that everyone else in the village uses septic tanks, and the effluent therefrom is either cast upon the ground or into a watercourse; and, second, that the appellants are also contributing to the conditions about which they complain, by the use of their own septic tanks.

The village of Seven Hills could not give consent to any of its inhabitants to cast sewage upon the lands of another, nor could it, as a municipal corporation, cast sewage upon the lands of another without incurring liability therefor.

As we view the matter raised by this action, we must first determine whether the appellants have established a case with that degree of proof which is required to grant the extraordinary relief sought herein. The court, in **Perkins v. Village of Quaker City et al, 165 Oh St 120**, speaking on this subject, said:

"Injunction is an extraordinary remedy equitable in nature, and its issuance may not be demanded as a matter of strict right; the allowance of an injunction rests in the sound discretion of the court and depends on the facts and circumstances surrounding the particular case; and, where, in an action for an injunction, conflicting claims are advanced by the parties and the merits of one of such claims over the other are doubtful, an injunction may be refused especially where those claims may be asserted and determined in another and different form of action."

In **Bey v. Wright Place, Inc. et al, 108 Oh Ap 10**, at page 14, the court said:

"It is a well-settled general rule, adhered to in Ohio, that, where a watercourse, well defined channel, or natural depression, exists on the land of the upper proprietor, he may collect the surface water on his land into sewers or drains and discharge it into such watercourse, natural channel or depression on his land, without liability to the lower

owner. **Nagy v. City of Akron, 27 Oh Ap 250, 161 N. E. 226; City of Hamilton v. Ashbrook, 62 Oh St 511, 57 N. E. 239; Mason v. Commrs. of Fulton County, 80 Oh St 151, 88 N. E. 401, 131 Am. St. Rep., 689, 24 L. R. A. (N. S.) 903; Ratcliffe v. Indian Hill Acres, Inc., 93 Oh Ap 231, at p. 237, 113 N. E. 2d 30."**

To say that an owner of land may never improve such lands or develop it to its highest and best use without being subject to a claim for damages or injunction by reason of the resulting natural increase in the flow of water into a watercourse, such as we have herein, is to take a position that would prevent the progress that results from a growing industrial and commercial area. A lower riparian owner, along a watercourse, must expect that, as the upper lands are built up with homes and stores, much of the water which was absorbed by the land will now run off of hard-surfaced streets and the roofs of buildings, to seek its natural outlet in the channel developed with the contour of the land.

The court, in **Ratcliffe v. Indian Hill Acres, Inc., 93 Oh Ap 231,** at **page 237,** said:

"In the exercise of the rights of ownership, one of the usual and reasonable activities is the control and disposition of surface water and the facilitation of its final discharge in accordance with the contour of the watershed, and so long as no unreasonable or negligent act is committed by the owner of the dominant estate, the servient estate has no cause of action, notwithstanding he may suffer some incidental damage or his burden be somewhat increased."

The matter of the effluent which is being passed over the lands of the appellants presents a different problem than the surface waters from a natural watershed. The rule announced in **Vian v. Sheffield Bldg. & Development Co., 85 Oh Ap 191,** is a correct statement of the law as it presently exists in Ohio.

It is clear to the members of this court that one may not obtain by prescription, or otherwise than by purchase, a right to cast sewage upon the lands of another without his consent. **City of Bucyrus v. State Department of Health, 120 Oh St 426, 166 N. E. 370; State, ex rel. Neal, Dir. v. Williams, Mayor, et al, 120 Oh St 432, 166 N. E. 377; Kasch v. City of Akron, 100 Oh St 229, 126 N. E. 61; City of Mansfield v. Balliett, 65 Oh St 451, 63 N. E. 86, 58 L. R. A. 628.**

The difficulty we have in this case, however, is that the appellants have failed to establish their claims by that degree of proof necessary to warrant this court, in this appeal on questions of law and fact, to order the relief sought by the claimants. What may occur in the future in this development, or what proof of acts on the part of the appellees and others may warrant either an action in injunction or an action for damages, is not for this court to conjecture. The appellees are not absolved by the action we take herein, but the petition of the appellants is dismissed only because they have failed to established their claims.

Petition dismissed at the costs of the appellants. The parties will prepare and file the necessary and proper journal entry.

Petition dismissed.

McLAUGHLIN and GRIFFITH, JJ, concur.